

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
March 28, 2025

_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

* * * * * *

In re:                                                        )
                                                              )     Case No.: 23-13563-gs
CASHION FAMILY TRUST,                                         )     Chapter 7
                                                              )
                                                              )
                                                              )     Hearing Date
            Alleged Debtor.                                   )     DATE: July 29, 2024
                                                              )     TIME: 1:30 p.m.
_____                              )

## MEMORANDUM DECISION ON ORDER TO SHOW CAUSE
## AND MOTION TO DETERMINE VEXATIOUS LITIGANT

Steven Mark Hayden, Sr. has filed four separate bankruptcy matters in the District of

Nevada in less than two years. Each has related to his continuing efforts to avoid the

consequences of a final judgment entered by an Alabama state court against him in 2013. That

judgment also included a permanent injunction enjoining him from attempting to seize and

control the assets of William Cashion and Western Steel, Inc., an Alabama corporation (Western

Steel Alabama). Hayden has since filed numerous actions attempting to evade or collaterally

attack the Alabama judgment. His bankruptcy filings represent the latest chapter of those efforts.

Unfortunately, Hayden's actions in bankruptcy demonstrate that his cases were not filed for any

legitimate bankruptcy purpose. The bankruptcy matters Hayden has filed continue his efforts to

assert his ownership and control of Western Steel Alabama in violation of the final judgment and

several injunctions. The court entered its orders to show cause why sanctions should not be

entered (OSCs) in this case to address the situation.[1] Cashion and Western Steel Alabama then

_____

[1] CFT ECF No. 28; Adv. ECF No. 17. For clarity, all docket numbers in the Cashion Family Trust
bankruptcy, Case No. 23-13563-gs, will be denoted as "CFT ECF No. __." The court entered a similar
order to show cause and Cashion and Western Steel filed a similar motion to determine Hayden to be a

1

filed their motions to declare Hayden a vexatious litigant (Motions).[2] Evidentiary hearings were held on the OSCs and the Motion on July 11, 2024, and July 29, 2024.

The court is well aware that it has not previously imposed any less drastic sanctions against Hayden in this bankruptcy case, or any of his other proceedings filed in this court. Yet, courts have previously imposed fines and sanctions approaching $2,000,000 and have held him in criminal contempt for the continued violations of the permanent injunctions. Several courts have previously remarked on his continuous journey to collaterally attack the original judgment and his frivolous filings in support of those efforts, and two courts have previously entered orders declaring Hayden a vexatious litigant. This court has given Hayden every opportunity to explain why it should not enter an order declaring him to be a vexatious litigant. He has failed to do so. Given the facts and circumstances surrounding the bankruptcy filings, and the well-developed history of his violation of prior judgments and injunctions, Hayden's actions are sufficiently egregious to warrant declaring him a vexatious litigant. Indeed, there is little else left to address Hayden's conduct.[3]

## Facts

In 2007, William Cashion and his nephew, Steven Hayden, lived in Alabama. Cashion owned and operated Western Steel Alabama, an Alabama company manufacturing steel. Hayden is a medical doctor operating his medical practice through Dr. Mark Hayden, P.C.[4] Cashion was in the midst of divorcing his wife, Jeanell Cashion.[5] On January 29, 2007, Cashion executed a

---

vexatious litigant in *Hayden v. Cashion et al.*, Adv. Proc. No. 23-05012-gs. Because the subject matter and litigation history of these motions substantially overlaps, the court is contemporaneously entering essentially the same order in both bankruptcy cases and will generally refer to the OSCs and Motions together throughout this decision unless otherwise noted. All docket numbers in *Hayden v. Cashion et al.*, Adv. ECF No. 23-05012-gs will be denoted as "Adv. ECF No. __."

[2] CFT ECF No. 43; Adv. ECF No. 81.

[3] As discussed in further detail below, the court takes notice of the other relevant court dockets involving Hayden's prior cases under Fed. R. Evid. 201. *See Strand v. Clark (In re Clark)*, 2012 WL 1911926, at *1 n.4 (B.A.P. 9th Cir. May 25, 2012) (quoting *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990)) ("'It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.'").

[4] Hayden ECF No. 1. All docket numbers in Hayden's individual bankruptcy, Case No. 22-50564-gs, will be denoted as "Hayden ECF No. __."

[5] CFT ECF No. 44-1 at 30.

2

durable power of attorney naming Hayden as his agent and attorney in fact.[6] In the summer of 2011, Hayden proceeded to secretly create the "William B Cashion Nevada Spendthrift Trust" (the William B. Cashion Trust) and the "William B Cashion Family Nevada Spendthrift Trust" (the Cashion Family Trust).[7] Hayden named himself the trustee for both trusts and named Cashion as the beneficiary. Beginning in October 2011, Hayden began to transfer Cashion's assets to the trusts without Cashion's knowledge or consent.[8]

On December 13, 2012, Hayden filed a complaint in the District Court of Clark County, Nevada under Cashion's name against the William B. Cashion Trust.[9] The lawsuit was also filed without Cashion's knowledge or consent and ostensibly related to a "Compromise Settlement" between Cashion and the William B. Cashion Trust. Hayden proceeded to execute the "Compromise Settlement" and a "Release of All Claims." As the Alabama trial court later found: "By his own admission, Hayden instigated the Nevada lawsuit as a pretext to enter into the 'Compromise Settlement' on Cashion's 'behalf.' Hayden described the lawsuit and entering into the Compromise Settlement as 'almost a rubber stamp.'"[10]

With these documents, Hayden sought to displace Cashion and take control of Western Steel Alabama. Hayden confronted Cashion in late January 2012 to inform him that he no longer owned Western Steel Alabama.[11] The next day, Cashion revoked the power of attorney, though Hayden disputed his ability to do so.[12]

**A. The underlying Alabama state court judgment against Hayden.**

Shortly after Hayden sought to take control of Western Steel Alabama, Cashion and the company sued Hayden and his wife in the Circuit Court of Jefferson County, Alabama, Case No. CV-2012.000209.00 (the First Alabama Case). The plaintiffs sought to declare void the "numerous actions taken by Defendants Steven Mark Hayden and Angela Rae Hayden, in her

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at 31-34.
[9] *Id.* at 36 and 42.
[10] *Id.* at 36.
[11] *Id.* at 35.
[12] *Id.*

individual capacity and as purported trustee of the 'William B. Cashion Trust,' a Nevada spendthrift trust."[13] Cashion and Western Steel Alabama also sought to enjoin "Defendants from taking any action with respect to Plaintiff William Cashion's assets or Plaintiff Western Steel, Inc.," and to recover damages for breach of fiduciary duty, conspiracy and conversion.[14] Cashion obtained a temporary restraining order "to prevent Hayden from taking any further action with respect to [Cashion's] property and affairs."[15]

On July 1-2, 2013, the Alabama state court held trial on the plaintiffs' claims and ultimately entered detailed findings of fact and conclusions of law holding that Hayden had undertaken egregious actions that he concealed from Cashion, which "clearly" violated his fiduciary duties to Cashion.[16] The trial court further held that Hayden had converted unspecified documents from Western Steel Alabama.[17] As a result, the trial court declared that "all of Mark Hayden's actions as Cashion's agent under a January 29, 2007 power of attorney are hereby DECLARED to be *void ab initio*."[18] The voided actions necessarily included:

- the creation of the William B. Cashion Trust and the Cashion Family Trust;

- the "Assignment Separate from Stock Certificate," executed by Hayden on October 27, 2011, in which Hayden "stated that Cashion transferred 550 shares of common stock of Merchants Commercial Bank to the William B. Cashion Trust;"

- the "Transfer of Property from William B. Cashion to William B. Cashion Trust," executed by Hayden on October 27, 2011; and

- the "Compromise Settlement" executed by Hayden and Angela Hayden.

The trial court further awarded Western Steel Alabama and Cashion damages in the amounts of $50,000 for mental anguish, $100,000 for punitive damages, and attorney fees totaling $72,163.01.[19]

Pertinent to the matters before this court, the trial court granted Western Steel Alabama and Cashion permanent injunctive relief against Hayden and his wife. In doing so, the court

---

[13] *Id.* at 29.
[14] *Id.*
[15] *Id*. at 38.
[16] *Id.* at 40.
[17] *Id*. at 44.
[18] *Id*. at 47.
[19] *Id*. at 52.

4

recognized that "Defendants have demonstrated that little will stop them from attempting to acquire control of Cashion's assets or harassing Plaintiffs, even this Court's March 30, 2012 Preliminary Injunction."[20] The court proceeded to detail its permanent injunction against Hayden and his wife. The court recites the terms of the permanent injunction at length to illustrate not only the clarity of the injunction, but its evident scope and breadth:

(A) The Defendants are hereby permanently restrained and enjoined from taking any action whatsoever with respect to the assets, property, affairs, interests or estate of William B. Cashion, including his stock and interests in Western Steel, Western Properties, LLC, Merchants Commercial Bank, USVI, and 10:16 Mining Corporation. In furtherance and not in limitation of the foregoing, the Defendants are not to take any action whatsoever in an attempt to transfer any asset, property or interest of William B. Cashion to any individual, entity or trust, including the William B. Cashion Nevada Spendthrift Trust dated July 28, 2011 and the William B. Cashion Family Nevada Spendthrift Trust dated August 1, 2011. In effect, Defendants are to cease all actions that in any way relate to William B. Cashion's assets, interests and rights.

(B) The Defendants are further prohibited and permanently enjoined from establishing, forming or attempting to establish or form any trust, corporation, partnership, limited liability company or other entity to control any asset or property, whether real, personal or mixed, tangible or intangible, owned by William B. Cashion, or any property or asset of Western Steel, Inc.

(C) The Defendants are permanently enjoined from attempting to act in any purported fiduciary capacity whatsoever with respect to William B. Cashion or his assets, property, affairs, interests or estate, including but not limited to acting or seeking to act as a guardian, conservator, curator, custodian, administrator, executor, personal representative, trustee, trust protector, nominee, proxy, attorney-in-fact or agent for William B. Cashion.

(D) The Defendants are enjoined from hereafter taking any of the following actions:

(i).    Any and all actions by Steven Mark Hayden as purported attorney-in fact under the January 29, 2007 power of attorney, which is declared to be void and of no effect;

(ii).    Any and all actions which in any way interfere with the business of Western Steel, including, without limitation, (a) any action under the alleged authority as an "officer" or "director" of Western Steel; (b) any action involving Western Steel bank accounts, including freezing the bank accounts used by Western Steel and its affiliates or otherwise limiting or attempting to limit access of Plaintiff Cashion or other duly authorized officers of Western Steel to those bank accounts; (c) retention of, possession, or control of Western Steel's corporate books, records, stock certificates or any other corporate documents and property; (d) contacts with employees of Western Steel and entering onto the Western Steel

---

[20] *Id.* at 53.

premises; and (e) authorizing any corporate actions by Western Steel;

(iii).   Any and all actions involving the stock of Western Steel, including, without limitation, the transfer of Western Steel stock from William B. Cashion to any individual, entity or trust, including the William B. Cashion Nevada Spendthrift Trust dated July 28, 2011 and the William B. Cashion Family Nevada Spendthrift Trust dated August 1, 2011;

. . .

(vii).   The transfer or attempted transfer of any of William B. Cashion's other assets, property, whether real, personal or mixed, tangible or intangible, or interests, whatsoever, to any individual, entity or trust including, without limitation, the William B. Cashion Nevada Spendthrift Trust dated July 28, 2011 and the William B. Cashion Family Nevada Spendthrift Trust dated August 1, 2011.

(E) Defendants are permanently enjoined and prohibited from entering onto the premises of Plaintiff Western Steel, Inc. Further, Defendants are permanently enjoined and prohibited from presenting themselves as the "owners," "officers," or "directors" of Western Steel, are enjoined from representing to any party that any person or entity other than William B. Cashion is the rightful owner of Western Steel, are enjoined from conducting any business whatsoever on behalf of Western Steel, and are enjoined and prohibited from in any way impeding or disrupting the business of Western Steel.

(F) It was earlier ordered that the Defendants were to deliver any and all Western Steel property and property of William B. Cashion, which Defendants had in their possession, including, but not limited to, books, records, stock certificates and any other corporate documents to the Court. To the extent that the Defendants have not complied with that order, they are under a continuing order to forthwith deliver all property of the Plaintiffs in their possession or control to counsel for the Plaintiffs.

(G) The Defendants are enjoined and prohibited from pursuing any cause of action against William B. Cashion, Merchants Commercial Bank, Western Steel, Western Properties, LLC, 10:16 Mining, or any of Mr. Cashion's other assets, property or interests, that in any way attempts to assert or claim, directly or indirectly, that any action taken by Mark Hayden under the January 29, 2007 power of attorney was valid, or that attempts to assert that any asset, property or interest of William B. Cashion is owned or controlled by any Defendant or by either of the Nevada Trusts.[21]

Hayden appealed the judgment to the Alabama Supreme Court. On August 25, 2017, the

Alabama Supreme Court affirmed the judgment without opinion.[22] Accordingly, since 2013,

Hayden has been enjoined from taking any action related to Western Steel Alabama or Cashion.

The Alabama state court later entered a second injunction against Hayden in the First Alabama

Case on February 10, 2017.

---

[21] *Id.* at 54-56.
[22] CFT ECF No. 44-2; *see also Hayden v. Cashion*, 2017 WL 11128994 (Ala. Aug. 25, 2017).

**B. Hayden's actions against the Alabama trial judge and others.**

Sometime during Western Steel Alabama's and Cashion's litigation against Hayden in the Circuit Court of Jefferson County, Hayden sued the state court trial judge for deprivation of due process resulting from entry of the temporary restraining order and other matters in the First Alabama Case. *William B. Cashion Nevada Spendthrift Trust, et al. v. Vance, Jr.*, 2013 WL 315918 (M.D. Ala. June 18, 2013). The United States District Court for the Middle District of Alabama dismissed the case with prejudice on June 18, 2013, prior to entry of the August 2013 final judgment in the state court case. The Eleventh Circuit Court of Appeals affirmed the district court's dismissal of the claims on January 13, 2014. *William B. Cashion Nevada Spendthrift Trust, et al. v. Vance, Jr.*, 552 F. App'x 884 (11th Cir. Jan. 13, 2014).

In 2015, while the August 2013 judgment was on appeal before the Alabama Supreme Court, Hayden again sued Judge Vance and multiple others for denial of due process, declaratory judgment that the state court acted without authority or jurisdiction, civil conspiracy, and negligence. *Hayden v. Vance*, 2016 WL 11440137, at *1 (M.D. Ala. Jan. 25, 2016). In addition to Judge Vance, Hayden also sued his clerk of court, a dozen other judges, and the United States Department of Justice. *Id.* at *2. In recommending that the district court grant the defendants' motion to dismiss, the magistrate judge noted in his Report and Recommendation that "[t]his recent case is one of many filed by Hayden which relate to a dispute between William Cashion and Hayden regarding Cashion's assets and a Nevada trust." *Id.* at *1. The district court adopted the magistrate's report and recommendation. It overruled Hayden's objections to dismissal, dismissed the federal claims with prejudice and referred the matter back to the magistrate to determine whether attorney fees should be awarded against Hayden. *Hayden v. Vance, Jr., et al.*, 2016 WL 953055, at *4 (M.D. Ala. Mar. 14, 2016). The defendants sought attorney fees under the court's inherent powers and 42 U.S.C. § 1988. Any award of fees under the court's inherent authority required proof that Hayden had acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hayden v. Vance, Jr., et al.*, 2016 WL 4157362, at *2 (M.D. Ala. June 28, 2016) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). To award fees under § 1988, "the Court must find that Plaintiffs [sic] § 1983 claims were frivolous, unreasonable, or

groundless." *Id.* at *3. The magistrate judge recommended the court award attorney fees against Hayden, explaining:

> If this had been Plaintiff's first challenge, the Court would be loath to make such a finding. It is obvious from Hayden's multiple filings, a review of the state court docket, and the prior case filed in the Northern District of Alabama that Plaintiff simply will not accept the state court judgment and keeps court shopping in the vain hope to find someone who will agree with him. Federal court jurisdiction does not work in such a fashion. Enough is enough. This Court finds Plaintiff's filings have crossed the line into the realm of frivolous, malicious, and unreasonable. Thus, attorney's fees under § 1988 and the Court's inherent powers are appropriate.

*Id.*

Noting that this was the second federal lawsuit Hayden had commenced related to the First Alabama Case, the court put Hayden "on notice that continued pursuit of these matters in federal court may and will likely result in more significant sanctions in the future." *Id*. at *9. The district court adopted the report and recommendation and awarded the defendants $15,000 in attorney fees and $76.06 in expenses. *Hayden v. Vance Jr., et al.*, 2016 WL 4180971, at *2 (M.D. Ala. August 4, 2016).

In 2017, the Eleventh Circuit Court of Appeals affirmed the award of attorney fees and expenses. *Hayden v. Vance, Jr., et al.*, 708 F. App'x 976 (11th Cir. Sept. 7, 2017). The Eleventh Circuit focused on the award of fees under the court's inherent powers. It noted that the state court had enjoined Hayden from "pursuing any cause of action" against Cashion, Western Steel Alabama, and others "in part because Plaintiff had 'demonstrated that little will stop [him] from attempting to acquire control of Cashion's assets or harassing [Cashion].' Plaintiff was also warned expressly that violating the court's injunction order would result in 'severe sanctions.'" *Id*. at 978. The Eleventh Circuit concluded:

> In spite of the state court's warnings, Plaintiff thereafter attempted unsuccessfully to relitigate the same or similar issues and to otherwise attack the final judgment in the Jefferson County Action by filing suit both in another Alabama state court and in federal court. As a result, the Circuit Court of Jefferson County twice held Plaintiff in contempt for knowingly violating the court's order.

> During the course of this federal proceeding, Plaintiff has continued his attempts to attack collaterally the Jefferson County Action. Plaintiff also filed in the district court a series of frivolous motions. Among other things, Plaintiff asserted that Cashion was incompetent and moved for a psychological exam pursuant to Fed. R. Civ. P. 35.

Given this record of Plaintiff's vexatious conduct and the repeated warnings issued to Plaintiff, the district court committed no clear error in determining that Plaintiff filed this civil action in bad faith. The district court thus abused no discretion in imposing attorneys' fees pursuant to its inherent power.[23]

*Id.* at 979.

## C. The Nevada state court actions.

In 2018 Hayden turned to Nevada to continue his litigation against Cashion, Western Steel Alabama, Fred Campbell (president of Western Steel Alabama),[24] various counsel, and others.[25] According to pleadings from that case submitted by Hayden in the above-captioned bankruptcy case, Hayden filed an action in the Nevada state courts, which was removed to the United States District Court for the District of Nevada. Cashion and Western Steel Alabama filed their Motion to Declare Plaintiff a Vexatious Litigant on June 19, 2019.[26] They characterized Hayden's claims as another effort to collaterally attack the substance of the judgment entered by the Alabama state court in August 2013. While the motion to declare Hayden a vexatious litigant was pending, the United States District Court dismissed all of Hayden's claims for lack of subject matter jurisdiction.[27]

Cashion and Western Steel Alabama moved for clarification or to vacate the judgment so the court could address its vexatious litigant motion. The United States District Court denied the motions. It concluded that "[a]s it maintained it lacks jurisdiction, it cannot now assert jurisdiction for the limited purpose of addressing Defendants' vexatious litigant motion."[28]

Undeterred, Hayden returned to state court and sued Cashion and his attorneys in the Eighth Judicial District Court for Clark County, Nevada. *Hayden v. Dickinson Wright PLLC, et al.,* Case No A-20-821496-C.[29] On July 8, 2021, the state court entered an Order Declaring

---

[23] Pertinent to arguments that Hayden repeats in this case years later, the Eleventh Circuit also noted that the district court "was permitted to take judicial notice of documents filed in other court cases," and "retains jurisdiction to consider an award of attorneys' fees and costs, even after judgment is entered." *Id.* at 979.

[24] Hayden ECF No. 115.

[25] CFT ECF No. 85 at 63.

[26] *Id.* at 56.

[27] *Id.* at 77.

[28] *Id.* at 77-78.

[29] CFT ECF No. 44-5.

Steven Mark Hayden, Sr. a Vexatious Litigant.[30] In that order, the court noted that Hayden "had filed numerous separate complaints against various individuals and entities in this Court,"[31] and that he had "repeatedly brought substantively identical claims of interference with contractual relations, abuse of process, and civil conspiracy in these cases."[32] The court explained that it ordered Hayden to show cause why he should not be declared a vexatious litigant based on "the volume of repetitive filings and the lacking basis for his complaints in either law or in fact."[33] The court further found that "Hayden's recent claims are part of a pattern of initiating harassing litigation against various counsel for William B. Cashion and/or his Alabama company, Western Steel, Inc., on numerous occasions both in Alabama and Nevada – *and never once prevailed.*"[34] Moreover, it concluded that "Hayden's vexatious complaint and filings with this Nevada court have unsuccessfully attempted to confuse this Court as to his relationship with the actual Western Steel, Inc. headquartered in Alabama."[35] Ultimately, the court ordered that Hayden would "be added to the Vexatious Litigant List maintained by the Administrative Offices of the Courts and he shall be barred from filing further lawsuits in Nevada without first obtaining approval from the Court."[36]

**D.  The Second Alabama Case and continued litigation in the First Alabama Case.**

In 2019, in between Hayden's Nevada actions discussed above, Western Steel Alabama and Cashion commenced another action against Hayden in the Circuit Court of Jefferson County, Alabama, Birmingham Division. *Western Steel, Inc., et al. v. Hayden, et al.,* Case No. CV-2019-902733.00 (the Second Alabama Case). This action sought additional relief against Hayden for failing "to purge himself of the finding of Contempt in this Court's Orders of August 20, 2013

---

[30] *Id.* at 4.
[31] In its vexatious litigant order the Nevada state court referenced five additional state court actions purportedly commenced by Hayden: A-15-72949-C; A-17-757814-C; A-20-821835; A-20-[821496]-C; and A-20-823048-C. The record before the court does not include any specific records from these cases cited by the state court.
[32] CFT ECF No. 44-5 at 4.
[33] *Id.* at 5.
[34] *Id.* [emphasis in original].
[35] *Id.* at 6.
[36] *Id.* at 9.

and February 10, 2017 in [the First Alabama Case]."[37] On January 6, 2021, the Alabama court entered an order holding Hayden in contempt of the prior orders. The court noted that on February 10, 2017, it had previously entered a fine of $150 per day for each day Hayden failed to purge his contempt under the August 2013 judgment.[38] The court entered a monetary judgment against Hayden in the amount of $203,400 for the total fines accrued between February 10, 2017 and October 29, 2020, the date of the hearing in the Second Alabama Case.[39] The court further ordered that the fines would continue to accrue until the contempt was purged.[40]

Additionally, the Alabama state court found that Hayden had committed willful acts of contempt of the August 2013 judgment "by establishing an imposter corporation under the name of 'Western Steel, Inc.' in the state of Wyoming and registering said imposter corporation to do business in the state of Nevada."[41] The court further enjoined Hayden "from presenting himself as an owner, officer, or director of Western Steel, Inc. and from conducting or attempting to conduct any business whatsoever on behalf of Western Steel, Inc."[42] Moreover, the court directed Hayden "to immediately dissolve said impostor corporation and to withdraw and/or dismiss any court filings in which said Defendant purports to maintain that he has any interest whatsoever in Western Steel, Inc."[43] In furtherance of this obligation, the court imposed an additional $150 fine per day until Hayden dissolved the "impostor corporation."[44] Finally, the court awarded counsel for Western Steel Alabama and Cashion $21,000 in attorney fees to be paid by Hayden.[45]

Approximately two and a half years later, on August 31, 2022, the Jefferson County Circuit Court entered another order in the First Alabama Case addressing "several pleadings filed by Defendant Hayden in response to the Plaintiff [sic] seeking to collect on a final judgment

---

[37] CFT ECF No. 44-3 at 2.
[38] *Id.*
[39] *Id.*
[40] *Id.* at 2-3.
[41] *Id.* at 3.
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*

entered in this case on August 20, 2013."[46] In denying Hayden's pending motions, the court

found "none of them to have any basis in law or fact but rather [are] a continuation of the

Defendant's pattern of frivolous filings."[47] The court went on to permanently enjoin Hayden

from serving or filing any document of any kind in the litigation without first obtaining leave of

court, and revoked his electronic filing privileges in the case. In imposing the pre-filing

restrictions, the court found:

> Defendant Hayden is a vexatious litigant whose frivolous filings and "motions"
> clog the judicial machinery and threaten the availability of a well-functioning
> judiciary to all litigants. Multiple Judges in this case have spent countless hours
> reviewing his pleadings, conducting hearings, and drafting orders on his baseless
> "motions." His useless filings in this case waste the valuable time of the Circuit
> Clerk and her staff who are seeking to serve Jefferson County citizens seeking
> legitimate relief in serious cases. In addition, every motion filed by the Defendant
> demands a response from the Plaintiff, causing the Plaintiff to incur additional,
> completely unnecessary legal fees. Each and every motion filed by the Defendant
> in this case is an attempt to stall the execution of a Judgment entered on August
> 20, 2013 and Affirmed by The Supreme Court of Alabama on August 26, 2014. It
> is the opinion of this Court that nothing short of a permanent injunction will
> prevent the Defendant from his continuous, abusive and costly filings.[48]

## E. Hayden's first Nevada bankruptcy case.

Hayden filed his voluntary chapter 13 bankruptcy petition in the District of Nevada on

October 21, 2022. This was shortly after the Alabama Circuit Court for Jefferson County entered

its order deeming him a vexatious litigant in the First Alabama Case and while the Second

Alabama Case was still pending. Despite his connections to Alabama, Hayden stated in his

petition that he lived at 280 Island Ave., Reno, NV 89509.[49] He also stated that he had lived in

Nevada more than any other district for the past 180 days.[50] Hayden also listed two businesses in

his petition: his medical practice, Dr. Mark Hayden PC, and Western Steel Inc.[51] He did not,

however, file his schedules, statement of financial affairs, or his chapter 13 plan when he filed

his petition, though Hayden attached what he described as an incomplete list of his creditors.

---

[46] CFT ECF No. 44-8 at 3.
[47] *Id.*
[48] *Id.* at 4.
[49] Hayden listed his mailing address as 200 South Virginia, Suite 858, Reno, Nevada. Hayden ECF No. 1 at 2.
[50] Hayden ECF No. 1 at 2.
[51] *Id.*

Hayden included Regions Bank as the single secured creditor, owed $203 secured by real property located at 76297 Tallassee Highway, Wetumpka, Alabama.[52] Hayden valued that property at $400,000.[53] Regions Bank later filed proof of claim 2-1 as a secured claim in the amount of $218,594.03.[54] Regions Bank valued the Wetumpka property at over $1.2 million.[55] Hayden also listed Cashion as an unsecured creditor holding three judgments against him totaling approximately $455,000, though two of the judgments appear to be duplicates.[56]

On November 3, 2022, the day before his schedules, statements and chapter 13 plan were due and less than two weeks after filing his chapter 13 petition, Hayden moved to dismiss his case.[57] Hayden offered that he was uncertain as to the amount owed to Regions Bank, his "largest creditor," and believed its claim for "legal expenses" could be so high it would eliminate any possibility of Hayden proposing a feasible chapter 13 plan.[58] Hayden also stated that an undisclosed creditor's failure to provide him an accurate payoff amount made completion of his schedules "exceptionally difficult."[59]

Cashion and Western Steel Alabama filed a response to Hayden's motion to dismiss.[60] They disclosed that the Wetumpka property Hayden listed in Schedule A/B was to be sold in a sheriff's sale scheduled for October 24, 2022, the next business day following Hayden's filing of his chapter 13 petition. Cashion and Western Steel Alabama did not oppose dismissal but argued that Hayden should be sanctioned for filing a meritless petition. They also moved for relief from the automatic stay to proceed with the sheriff's sale of the Wetumpka property and pursue contempt sanctions against Hayden in the Second Alabama Case.[61] On January 19, 2023, the

---

[52] *Id.* at 11.
[53] *Id.* at 11.
[54] Case No. 22-50564-gs, Proof of Claim No. 2-1.
[55] *Id.*
[56] Hayden ECF No. 1 at 12.
[57] Hayden ECF Nos. 11-12. Confusingly, also on November 3, 2022, Hayden filed a request to extend the deadlines for the filing of his missing schedules and statements. Hayden ECF No. 13.
[58] Hayden ECF No. 12 at 2. Regions' proof of claim contradicted Hayden's statements. The claim included $681 for interest and $250 for late fees. The claim included no attorney or other legal fees.
[59] *Id.*
[60] Hayden ECF No. 18.
[61] Hayden ECF No. 21.

court granted the motion to dismiss and vacated all pending hearings but retained jurisdiction to decide Cashion's and Western Steel Alabama's request for sanctions.[62]

On March 23, 2023, Cashion and Western Steel Alabama moved to impose sanctions on Hayden in the dismissed chapter 13 bankruptcy. They sought to recover attorney's fees and bar Hayden from filing bankruptcy for two-years.[63] They argued that Hayden's bankruptcy case was part of a "lengthy campaign to…interfere with the operations and ownership of Western Steel [Alabama] and defraud and harass its principal shareholder and founder…"[64] In addition to their lengthy litigation history with Hayden in Alabama, Cashion and Western Steel Alabama alleged that he committed perjury in his bankruptcy. Specifically, they argued that Hayden knowingly misrepresented that he was a resident of Nevada instead of Alabama, and that he owned the Wetumpka property when in fact it was owned by his business.

In turn, Hayden filed his own motion for sanctions against Joel Schwarz, counsel for Cashion and Western Steel Alabama, and sought declaratory relief against Cashion that Cashion had released all claims against Hayden.[65] He also opposed the sanctions motion brought by Cashion and Western Steel Alabama.[66] Notwithstanding his sworn statements in schedule E/F attached to the petition, Hayden stated that Cashion was not a creditor in his bankruptcy case. As proof of his residency in Nevada, Hayden argued that he filed a tax return with a Nevada address, he maintained multiple safety deposit boxes in Nevada containing his personal possessions, and he had a Nevada driver's license. Again, much of Hayden's opposition was devoted to arguments surrounding Cashion and Western Steel Alabama; their attorney, Schwarz; and Hayden's assertions of control over Western Steel Alabama.

---

[62] Hayden ECF Nos. 45 and 46. The day after the case was dismissed Hayden's response to the motion for relief from the stay was docketed. Hayden ECF No. 48. The opposition was largely devoted to arguments and allegations against Cashion and Western Steel Alabama. Troublingly, Hayden stated that the Wetumpka property was owned by his professional corporation, which would not be subject to the automatic stay from his personal bankruptcy case. *Id*. at 11, 13. Yet, Hayden maintained that the purpose of his personal bankruptcy filing was to restructure the debt owed to the senior secured lender on the Wetumpka property.
[63] Hayden ECF No. 66.
[64] *Id.* at 5:23-25.
[65] Hayden ECF No. 72.
[66] Hayden ECF No. 75.

At the initial hearing on the Cashion and Western Steel Alabama sanctions motion in Hayden's chapter 13 bankruptcy, the court scheduled the matter for an evidentiary hearing and Hayden withdrew his sanctions motion.[67] The court commenced the evidentiary hearing on July 6, 2023, which was continued to August 24, 2023. At the court's request at the conclusion of that hearing, the parties provided supplemental briefing, in which Hayden asserted that he was president of Western Steel Alabama, and that Cashion and Schwarz had wrongfully asserted otherwise.[68] On March 18, 2024, the court entered its order granting Cashion's and Western Steel Alabama's motion for sanctions. The court set a deadline for the submission of evidence of the attorney fees and costs sought. The court denied the request for a two-year nationwide bar to refiling based on its concerns that it lacked authority to impose that sanction nationwide as requested.[69]

## F.  Hayden's Nevada involuntary bankruptcy against Western Steel Inc.

On February 24, 2023, roughly a month after the court dismissed the chapter 13 bankruptcy, Hayden filed an involuntary chapter 11 bankruptcy case against Western Steel Inc (Western Steel Nevada). *In re Western Steel Inc,* Case No. 23-50118-gs (Bankr. D. Nev.). Hayden listed Western Steel Nevada's principal place of business at 200 South Virginia Street, Suite 858, Reno, Nevada.[70] In the involuntary petition, he listed his chapter 13 bankruptcy case as a pending case by any partner or affiliate of Western Steel Nevada, describing himself as "officer of debtor." He also listed himself as the sole petitioning creditor, with a claim for $1,530,000 based on a "demand promissory note."[71]

Attached to the petition was correspondence from the Internal Revenue Service (IRS) addressed to Western Steel Inc, c/o Steven Mark Hayden, Ste. 111-684 8465 W. Sahara Ave., Las Vegas, NV.[72] The IRS letter is dated February 9, 2023, and references an inquiry from

---

[67] Hayden ECF No. 95.
[68] Hayden ECF No. 130.
[69] Hayden ECF No. 137.
[70] Western ECF No. 1. All docket numbers in the Western Steel Nevada bankruptcy case, 23-50118-gs, will be denoted as "Western ECF No. __."
[71] *Id.* at 3.
[72] *Id.* at 5-7.

Hayden dated September 8, 2022. The letter states that the IRS has updated the Western Steel Inc account per his inquiry. Hayden also included an unsigned and undated letter to the IRS stating that he was the responsible party for Western Steel Inc and was aware that the "EIN has been used to deposit millions of dollars to other bank account with same EIN."[73]

The court issued a summons the same day Hayden filed the involuntary petition.[74] No executed summons was ever filed with the court.

On March 28, 2023, the court held a status conference in the involuntary bankruptcy. Shortly before the hearing, Hayden filed a Notice of Default and Consent to Relief, which he signed as the "IRS Responsible Party" for Western Steel Nevada.[75] The document was also signed by Hayden's son, Steven Hayden Jr., as the trustee of the Nevada Cashion Family Trust, the purported owner of Western Steel Nevada. A number of documents were attached to the consent pleading, including: another copy of the IRS documents recognizing Hayden as the responsible party for Western Steel *Alabama*; the Second Amendment to the Certificate of Incorporation of Western Steel *Alabama*, which was interlineated with Hayden's comments such as "CLEARLY A SHAM" and various challenges to the corporate structure; and an exhibit cover sheet which stated, "Nevada Cashion Family Trust owns Western Property at Davey Allison Dr."[76] The pleading also attached a quitclaim deed purporting to transfer Western Steel *Alabama*'s corporate headquarters located at 3250 Davey Allison Boulevard from the William B. Cashion Trust to the Cashion Family Trust. That deed was signed by Hayden's wife as the trustee of the William B. Cashion Trust.[77] Finally, the consent pleading also stated "Notice is given that Joel Schwarz is not the attorney for Western Steel Inc [sic] XX-XXX3168" and "Hayden has not selected Joel Schwarz as attorney."[78]

On April 10, 2023, Western Steel Alabama filed a motion to dismiss the Western Steel Nevada bankruptcy case and sought referral of Hayden to the United States Attorney for criminal

---

[73] *Id.* at 8-11.
[74] Western ECF No. 3.
[75] Western ECF No. 10.
[76] *Id.* at 8-16.
[77] *Id.* at 17.
[78] *Id.* at 2.

fraud and perjury.[79] Attached to the motion to dismiss at Exhibit 1-K is the Nevada Secretary of State business registration information for Western Steel Nevada, reflecting its formation in Nevada on June 12, 2019.[80] Hayden was listed as the president, secretary, treasurer and director of the company.[81]

In his opposition to the motion to dismiss, Hayden attempted to conflate Western Steel Alabama with Western Steel Nevada:

> Western-3168 is the DEBTOR. Schwarz admitted he does not represent the DEBTOR Western-3168, Schwartz [sic] represents WESTERN OPERATING under different FEIN as SEPARATE ENTITY from debtor. Schwarz lacks candor. The debtor of case 23-50118 is Western Steel Inc identified SPECIFICALLY BY ITS EIN ending in 3168. Swarz [sic] represents NOT the Debtor WESTERN-3168 but another WESTERN operating under another EIN.[82]

Hayden also filed an unauthorized supplemental opposition to the motion to dismiss, in which he made it clear that he "disputes William [Cashion] is an officer of WSI -3168."[83] After again averring that he was appointed the responsible party for Western Steel Alabama by the IRS, Hayden stated candidly, "Why should I care what Alabama crooks think if IRS appointed me as IRS responsible party of WSI 3168.[sic]"[84] Hayden portrayed himself as the victim of efforts by Cashion to intimidate him, asserting that the Alabama state court lacked subject matter jurisdiction to impose sanctions against him or to order him to cease acting on behalf of Western Steel Alabama. He again asserted his own alleged position as president of Western Steel Alabama "beginning in 2012."[85] Most revealing, Hayden confessed his belief that Western Steel Alabama and Western Steel Nevada were one and the same: "Hayden has registered WSI-3168 in Alabama [sic] Nevada and Georgia…Hayden does not contest that WSI 63-0513168 has operated since 1996… **WSI-3168 is one entity with three different state numbers in multiple states but one identity with one federal tax ID**."[86]

---

[79] Western ECF No. 16.
[80] Western ECF No. 16-11 at 2.
[81] *Id.* at 3.
[82] Western ECF No. 23 at 2 [emphases in original].
[83] Western ECF No. 35 at 3.
[84] *Id.* at 9.
[85] *Id.* at 12.
[86] *Id.* at 13 [emphasis added].

**G.  The Second Alabama Case continues after dismissal of Hayden's personal bankruptcy.**

On April 17, 2023, the Alabama Circuit Court of Jefferson County entered a further order in the Second Alabama Case holding Hayden in contempt of court for his failure to comply with the court's January 6, 2021 order, as well as the judgment entered in the First Alabama Case.[87] The April 17, 2023 order reflected Hayden's failure to appear for the contempt proceeding.[88] The court held Hayden in civil contempt for failing to turn over stock certificates and all records of Western Steel Alabama.[89] However, this time the court also held Hayden in criminal contempt for engaging in acts notwithstanding the court's prior orders "permanently enjoining and prohibiting him from presenting himself as an owner, officer, director of Western Steel, Inc. and from conducting or attempting to conduct any business whatsoever on behalf of Western Steel, Inc.," including:

A.  Representing himself as President of Western Steel, Inc. to the Internal Revenue Service.

B.  Submitting a form to the Internal Revenue Service to eliminate the corporate status of Western Steel, Inc. from a sub-chapter S Corporation to a C Corporation.

C.  Using the Federal Employment Identification number of Western Steel, Inc.

D.  Representing himself as an officer in registering Western Steel, Inc. as a foreign Corporation in the state of Georgia.

E.  Representing himself as an officer in registering Western Steel, Inc. as a foreign Corporation in the state of Nevada.

F.  Representing himself as an officer in registering Western Steel, Inc. as a foreign Corporation in the state of Wyoming.

G.  Changing the registered agent of Western Steel, Inc. to Steven Mark Hayden.

H.  Filing a petition alleging that William Cashion is an alleged incapacitated person.

I.  Opening a checking account in the name of Western Steel, Inc. representing himself as the President of Western Steel, Inc.

---

[87] CFT ECF No. 44-4.
[88] *Id.* at 1.
[89] *Id.* at 4.

J.  Continuing actions involving William B. Cashion Family Nevada Spendthrift Trust.

K.  Transferring William B. Cashion's assets and property to the William B. Cashion Family Nevada Spendthrift Trust.

L.  Impeding or disrupting the business of Western Steel, Inc.

M.  Representing himself as the CEO of the Corporation and the Secretary of Western Steel, Inc.

N.  Conducting shareholder meetings of Western Steel, Inc.

O.  Continuing to conduct business in the name of Western Steel, Inc.

P.  Willfully disobeying the August 20, 2013 lawful Orders of this Court.

Q.  Willfully disobeying the January 6, 2021 lawful Orders of this Court.[90]

For these further violations, the court remanded Hayden into the custody of the Jefferson County Sheriff for eighty-five days for his criminal contempt, plus additional time in custody for his civil contempt "until all records, stock certificates, books, checking accounts, and any other documents or materials concerning Western Steel, Inc. are returned to the Plaintiffs' attorney, Ralph J. Bolen and until such time that the Defendant, Steven Mark Hayden, reverses and removes all records and certifications that the Defendant has filed in Georgia, Nevada, Wyoming and/or any other State or with any other entity in which he alleges that he is associated with or an officer of Western Steel, Inc."[91]

As to monetary sanctions, the court calculated the total fines accrued at over one million dollars as of April 14, 2023, and increased the daily fine to $300 until Hayden purged himself of his civil contempt.[92] Additionally, the court awarded Cashion and Western Steel Alabama over $750,000 in attorney's fees and costs incurred in "defending and pursuing the Defendant's unlawful actions against the Plaintiffs."[93] The court again found Hayden a vexatious litigant, repeating its findings from the August 31, 2022 vexatious litigant order entered in the First Alabama Case.[94] It also restated the permanent bar imposed in the First Alabama Case barring

---

[90] *Id.* at 3-4.
[91] *Id.*
[92] *Id.* at 5.
[93] *Id.*
[94] *Id.* (*compare* CFT ECF No. 44-8 at 4).

Hayden from filing or serving any document in any court in the state of Alabama absent prior authorization from the judge presiding over the circuit in which Hayden sought relief.[95]

**H.  Hearing on the motion to dismiss Western Steel Nevada bankruptcy case.**

On May 18, 2023, the court heard the motion to dismiss the Western Steel Nevada involuntary bankruptcy case.[96] On May 23, 2023, the court entered its order denying Western Steel Alabama's dismissal motion and entered the Order for Relief in the involuntary case.[97] The court noted that at the May 18, 2023 hearing, Hayden represented on the record that the Western Steel company he placed into involuntary bankruptcy was a *Nevada corporation*, not an Alabama corporation. When asked if Western Steel Nevada was a completely different corporation from Western Steel Alabama, Hayden replied: "It would appear – it's not even mentioned. Alabama -- the word 'Alabama' is not even mentioned in the petition."[98] Seeking more definitive clarification as to the two entities, the court pressed the matter:

THE COURT:          … The fact that you tell me [the debtor] owns property is fine. That doesn't tell me that it's Western Steel Inc., an Alabama corporation, and I need that clarification.

MR. HAYDEN:        It is not an Alabama corporation, Your Honor.[99]

The same day the court entered the Order for Relief, it entered its order requiring the corporate debtor to retain counsel in accordance with Nevada Local Rule 9010.[100]

On June 6, 2023, Hayden filed the schedules and statements for Western Steel Nevada.[101] Consistent with the Nevada Secretary of State registration, Hayden listed himself as the president, secretary and treasurer of Western Steel Nevada. He listed the sole shareholder as "The Cashion Family Nevada Spendthrift Trust also known as Cashion Family Trust and William B Cashion Family Nevada Spendthrift Trust."[102] The property listed in schedule A/B

---

[95] CFT ECF No. 44-4 at 5-6.
[96] The involuntary bankruptcy and Hayden's chapter 13 case were reassigned to the undersigned on April 25, 2023. Western ECF No. 24; Hayden ECF No. 82.
[97] Western ECF Nos. 44-45.
[98] Western ECF No. 64, Transcript at 16:13-17.
[99] Western ECF No. 64, Transcript at 13:7-13; *see also* Western ECF No. 45 at 2.
[100] Western ECF No. 46.
[101] Western ECF No. 61.
[102] *Id.* at 2.

was approximately $900 in cash, real property with an estimated value of $6 million, and a $2 million cause of action. Under schedule D, Hayden listed the IRS as the sole secured creditor, holding a secured claim of $20 million for "unpaid C-Corp Taxes 2012 through 2022."[103] Under schedule F, Hayden listed four unsecured claims totaling $5,710,100, based on promissory notes purportedly held by himself ($1,530,000), his son ($80,300), his wife ($499,900) and the Cashion Family Trust ($3,599,900). The only other scheduled unsecured creditor was Regus Santa Rosa, which was listed as holding a $1,000 claim for unpaid rent. In the Statement of Financial Affairs, Hayden disclosed that Western Steel Nevada had earned no revenue since January 2022.

On June 15, 2023, the Office of the United States Trustee filed a motion to dismiss or convert the Western Steel Nevada bankruptcy case to chapter 7.[104] The United States Trustee recommended conversion to chapter 7 based on Western Steel Nevada's failure to retain counsel to represent it in the bankruptcy, as required by the court's order and Nevada Local Rule 9010. Continuing to proceed without counsel, Western Steel Alabama filed a response in support of the United States Trustee's motion, seeking dismissal instead of conversion.[105] Hayden filed a statement in support of conversion.[106] Hayden devoted the majority of the statement to arguments regarding alleged wrongdoing by Cashion and others affiliated with Western Steel Alabama and once again conflating the debtor, Western Steel Nevada, with the Alabama corporation. After a hearing held on July 6, 2023, the court converted the case to chapter 7.[107]

On July 18, 2023, Hayden filed an amended schedule A/B in the Western Steel Nevada bankruptcy case, asserting that Western Steel Nevada held ownership interests in real properties owned by Western REI, LLC and Western Properties, LLC.[108] The majority of the documentation attached to the amended schedule appears to have been obtained from the online

---

[103] *Id.* at 11. This is inconsistent with the Nevada Secretary of State registration reflecting Western Steel Nevada was not formed until 2019.
[104] Western ECF No. 68.
[105] Western ECF No. 75.
[106] Western ECF No. 79.
[107] Western ECF No. 80.
[108] Western ECF No. 83.

"Citizen Access Portal" for Elmore and Jefferson counties in Alabama and includes various records for what appear to be parcels of real property. The records reflect that Western REI and Western Properties both share the known business address for Western Steel Alabama, located in Hueytown, Alabama.[109] An attached printout from the Alabama Secretary of State revealed that Cashion is the registered agent for Western REI.[110]

## I.    Further proceedings in the Second Alabama Case.

The state court held a further contempt proceeding concerning Hayden's actions in the Second Alabama Case on August 16, 2023. Hayden did not appear.[111] On August 23, 2023, the court entered a final order again holding Hayden in criminal contempt for willfully and intentionally violating its orders, including: (1) representing himself as the responsible party of Western Steel Alabama to the IRS; (2) continuing to conduct business in the name of Western Steel Alabama; and (3) willfully violating the orders dated August 20, 2013, January 6, 2021, and April 17, 2023.[112] Additionally, the court held that the filing of the involuntary chapter 11 petition in the Nevada Bankruptcy Court was a willful and intentional violation of the August 20, 2013 Order in the First Alabama Case and the January 6, 2021 Order in the Second Alabama Case.[113]

The court once again held Hayden in civil contempt for failing to turn over stock certificates and all records of Western Steel Alabama.[114] For these further violations, the court ordered Hayden to be remanded into the custody of the Jefferson County Sheriff for 85 days for criminal contempt (five days for each violation of the court's prior orders), plus additional time in custody until he cured his civil contempt.[115] The court also entered an additional judgment for

---

[109] *Id.* at 11; 22-26; 29-33; 34-46; 49-50; 53.
[110] *Id.* at 53.
[111] CFT ECF No. 44-7 at 1.
[112] *Id.* at 3-4.
[113] *Id.* at 4.
[114] *Id.* at 5.
[115] *Id.* at 4-5.

attorney's fees and costs totaling $36,575.00 and noted that the daily fine for Hayden's ongoing noncompliance would continue to accrue at the rate of $300 per day.[116]

**J.  Hayden's Nevada involuntary bankruptcy petition against the Cashion Family Trust.**

After the contempt hearing in the Second Alabama Case, but the day before entry of the further contempt order, on August 22, 2023, Hayden filed his second involuntary bankruptcy petition in Nevada, this time against the Cashion Family Trust. In the involuntary petition he also listed the debtor as the Cashion Family Nevada Spendthrift Trust or the William B Cashion Family Nevada Spendthrift Trust.[117] Hayden listed himself as the sole petitioning creditor, with a claim for rent reimbursement in the amount of $2,000.[118] The petition disclosed that the Western Steel Nevada bankruptcy case was a related case because Cashion Family Trust was the stockholder of that debtor.[119] Again, the court issued a summons, as well as an amended summons.[120] Neither were executed by Hayden.

**K.  Hayden commences an adversary proceeding against Cashion in the Western Steel Nevada involuntary chapter 7.**

Two days after filing the Cashion Family Trust involuntary bankruptcy case, Hayden commenced an adversary proceeding against Cashion and "Western Steel Inc" in the Western Steel involuntary bankruptcy case, which had been converted to chapter 7 by then. Hayden's complaint sought damages for violation of Western Steel Nevada's automatic stay under § 362(k).[121] Although the allegations in the complaint lack clarity, Hayden appeared to allege that actions taken by Cashion, and presumably Western Steel Alabama, against him in the Alabama state courts during the pendency of the Western Steel Nevada bankruptcy case violated the automatic stay. The actions taken in Alabama by Cashion and Western Steel Alabama were

---

[116] *Id.* Although it is not addressed in the Motion, attached to the request for judicial notice filed in support of the Motion at Exhibit A-6 is an order entered in case no. CV-2017-900189.00, *Cashion v. Hayden*, filed in the Circuit Court of Elmore County, Alabama. The order, dated January 22, 2022, declares void eleven quitclaim deeds. Ten of those deeds were executed by Hayden, purporting to transfer property to various trusts and one limited liability company. *See* CFT ECF No. 44-6.

[117] CFT ECF No. 1 at 1.

[118] *Id.* at 3.

[119] *Id.* at 2.

[120] CFT ECF Nos. 4-5.

[121] Adv. ECF No. 1. All docket numbers in the adversary proceeding, 23-05012-gs, will be denoted as "Adv. ECF No. __."

brought against Hayden in his personal capacity, including a state court hearing and obtaining an order of contempt from the state court. Yet, Hayden argued that they were acts to take control over Western Steel Nevada. He also asserted a cause of action for fraudulent conveyance, arguing that Western Steel Alabama's purchase of certain Alabama real property at the sheriff's sale of the Wetumpka property was unauthorized. Hayden requested: (i) nearly $2 million in damages; (ii) an order voiding the April 17, 2023 contempt judgment entered against him in the Alabama state court; and (iii) avoidance of Western Steel Alabama's purchase of the Alabama real property. He sought to have the purchase funds tendered by Western Steel Alabama transferred to Western Steel Nevada, ostensibly to be paid to the latter's alleged creditors – Hayden, his wife, and his son. Again, the court issued a summons, which Hayden did not execute.[122]

## L.  Hayden's ongoing efforts in the bankruptcy court to conflate Western Steel Nevada and Western Steel Alabama.

On September 15, 2023, Hayden filed a document in the Western Steel Nevada involuntary bankruptcy which included, among other things, a further amended schedule A/B for Western Steel Nevada.[123] That schedule asserted an interest in real property located at "3360 Davey Allison BLVD Hueytown Alabama 35023," the business address for Western Steel Alabama.[124] It also included a variety of personal property at the Davey Allison location. Additionally, Hayden listed Western REI and Western Properties as investments held by Western Steel Nevada.[125]

Thereafter, nearly three months after he commenced the adversary proceeding against Cashion and Western Steel Alabama, on November 21, 2023, Hayden simultaneously sought (1) an extension of time to serve the summons and complaint,[126] and (2) entry of default against defendant Western Steel Alabama.[127] On December 6, 2023, the court entered an order to show

---

[122] Adv. ECF No. 4.
[123] Western ECF No. 86.
[124] *Id.* at 5.
[125] *Id*.
[126] Adv. ECF No. 6.
[127] Adv. ECF No. 9.

cause why the adversary proceeding should not be dismissed.[128] In its order, the court detailed substantive and procedural concerns with Hayden's complaint and his actions in the adversary and related cases. The same day the court entered its order to show cause why the adversary should not be dismissed, Hayden filed a notice of consent to entry of judgment on behalf of defendant Western Steel Alabama, despite having previously requested entry of default against the same entity.[129] The consent was signed by Hayden as president of Western Steel Alabama and his son as trustee of alleged stockholder the Cashion Family Trust. In response, the court issued an order to show cause why sanctions should not be entered against Hayden (Adversary OSC).[130] The court again explained its concern that Hayden's filing of the consent was inconsistent with his prior positions and filings and was yet another attempt to conflate Western Steel Nevada with Western Steel Alabama.[131]

Meanwhile in the Cashion Family Trust involuntary case, on November 29, 2023, the court issued its Order (1) to Show Cause re: Dismissal and (2) Continuing Status Conference.[132] The court noted the involuntary bankruptcy filing was the third bankruptcy commenced by Hayden, and each appeared directed to ongoing litigation between him and Cashion to obtain control over Cashion's assets. However, no further action had been taken in the involuntary proceeding, including execution of the summons. Accordingly, the court required Hayden to respond to the show cause order by January 5, 2024, and to appear to explain why the involuntary bankruptcy case should not be dismissed.

On December 6, 2023, Hayden filed an amended involuntary petition in the Cashion Family Trust involuntary bankruptcy, recharacterizing the debt allegedly owed as rent in the amount of $20,000.[133] That same day a Consent to Involuntary Bankruptcy was filed, signed by Hayden's son as trustee of the alleged debtor. The consent included a variety of representations, including that the Cashion Family Trust would not contest the petition or its amendments and the

---

[128] Adv. ECF No. 12.
[129] Adv. ECF No. 14.
[130] Adv. ECF No. 17.
[131] *Id.*
[132] CFT ECF No. 6.
[133] CFT ECF No. 11.

order for relief should immediately be entered.[134] The consent also briefly made reference to the putative assets and liabilities of the Cashion Family Trust, stating:

- The Cashion Family Trust owes its past and present trustees millions of dollars.

- The Cashion Family Trust is a Nevada Trust with Nevada assets and Federal Bank account and safety deposit box.

- The Cashion Family Trust owns property at 3360 Davey Allison Blvd [sic] Hueytown [sic] Alabama and Buena Vista Parkway Hueytown.

- The Cashion Family Trust owns stock of Western Steel, Inc.[135]

In short, Hayden's son consented to the involuntary bankruptcy against the Cashion Family Trust commenced by his father.

On December 15, 2023, Hayden filed a notice of dismissal of his adversary proceeding, stating that no answer or dispositive motion had been filed.[136] On January 9, 2024, the court entered an order acknowledging that the notice of dismissal was effective to dismiss both defendants, notwithstanding Hayden's prior filing of consent to entry of judgment on behalf of defendant Western Steel Alabama. Once again, however, the court retained jurisdiction to hear and decide its pending Adversary OSC.[137]

On January 10, 2024, in the Western Steel Nevada involuntary bankruptcy, Hayden continued his apparent efforts to conflate Western Steel Alabama and Western Steel Nevada by filing a "Notice of the Corporate Ownership Statement of Western Steel IN [sic] XXXXX3168."[138] That notice stated, among other things, "Western Steel Inc XXXXX3168 lawful stockholder has not authorized the representation of Joel Schwarz."[139] As noted above, Schwarz serves as counsel for Cashion and Western Steel Alabama in Hayden's Nevada bankruptcy proceedings.

---

[134] CFT ECF No. 12 at pp. 1-2.
[135] *Id.* at 2.
[136] Adv. ECF No. 27.
[137] Adv. ECF No. 35.
[138] Western ECF No. 92.
[139] *Id.* at 1.

**M. Hayden responds to the Cashion Family Trust order to show case re: dismissal.**

Hayden filed his responses to the Cashion Family Trust show cause order regarding dismissal of the case on January 5, 2024.[140] He argued that his son's consent was effective to commence the involuntary bankruptcy proceeding.[141] He further argued that the "order of relief of May 23 2023 [Western Steel-Case no. 23-50118] did not exclude Alabama property from the estate."[142] He also stated that the summons and involuntary petition had been properly served, though no evidentiary support had been filed or otherwise provided to the court. Hayden further denied that the involuntary petition was part of his efforts to obtain Cashion's assets. Rather, he asserted that the Cashion Family Trust is not an asset of Cashion, and that Cashion is neither a debtor nor a creditor in the Cashion Family Trust case. He characterized the court's reference in the show cause order to his litigation with Cashion as an "accusation" and demanded "proof from the court."[143]

Hayden also attached a document to his response entitled "Certification of Trustee (Deposit Accounts and Securities)" from Wells Fargo Bank. The document appeared to reflect that Steven M. Hayden Jr. was the sole trustee of the Cashion Family Nevada Spendthrift Trust. Steven M. Hayden, with no designation of senior or junior, is listed as the grantor of the Cashion Family Nevada Spendthrift Trust. The Certification of Trustee included a form representation stating, "The Trust has not been revoked, modified or amended in any manner which would cause the representations contained in this certification to be incorrect."[144] The Certification of Trustee attached to the response was not signed by Hayden or Hayden Jr.

**N. The hearings on the Cashion Family Trust order to show cause re: dismissal and the adversary order to show cause re: sanctions.**

On January 30, 2024, the court held hearings on its order to show cause re: dismissal in the Cashion Family Trust involuntary bankruptcy and the Adversary OSC. Hayden appeared remotely for both matters. Joel Schwarz made his appearance in the involuntary bankruptcy to

---

[140] CFT ECF Nos. 18, 19.
[141] CFT ECF No. 18 at 1.
[142] CFT ECF No. 19 at 5.
[143] *Id.* at 8.
[144] CFT ECF No. 18 at 10.

observe the proceeding for Western Steel Alabama and William Cashion. No other appearances were made.

The court considered the order to show cause re: dismissal in the Cashion Family Trust involuntary bankruptcy first. Despite filing his response and the putative consent of the debtor to the Cashion Family Trust involuntary bankruptcy, Hayden advised the court at the hearing that immediately prior to appearing for the hearing on the show cause order, he had submitted for filing a notice of voluntary dismissal of the bankruptcy petition.[145] This document was subsequently entered on the docket during the hearing.[146] Nonetheless, the court addressed its concern that Hayden was filing bankruptcy proceedings only to dismiss the cases before addressing their merits.[147] The court explained that "with this one and [the adversary proceeding] we're going to get to next, which was voluntarily dismissed as well, this is beginning to concern the Court."[148] The court was concerned with Hayden's use of the bankruptcy court to place entities that he appeared to control directly or indirectly into *involuntary* bankruptcy while never serving or otherwise pursuing the actions. As to the involuntary bankruptcy case, the court was never presented with any evidence explaining the relationship between the three trusts listed on the petition with different names and organizational structures (two were spendthrift, one was not). Equally troubling, the consent again referenced the Davey Allison property in Alabama, the offices of Western Steel Alabama. Ultimately, the court stated that it would wait until it received Hayden's notice of dismissal to determine how to proceed.[149]

The court then proceeded to the hearing on the Adversary OSC. Given Hayden's notice of dismissal of the adversary and his stated intent to dismiss the involuntary bankruptcy involving the Cashion Family Trust, the court informed Hayden that it did not intend to enter sanctions - though it believed that sanctionable conduct had occurred.[150] The court stated on the record: "My concern is largely about vexatious litigation and the need for there to be clear

---

[145] CFT ECF No. 34 at 3.
[146] CFT ECF No. 26.
[147] CFT ECF No. 34 at 12.
[148] *Id.* at 13.
[149] *Id*.
[150] Adv. ECF No. 64 at 16:24-17:5.

support in fact and law for the claims or actions being brought."[151] The court then stated: "And hopefully then this will be the last time that we discuss frivolous and vexatious litigation. But the Court wants the record to be clear about its concerns and the basis for those concerns, which is why the Court detailed its concerns in the orders to show cause."[152]

Unbeknownst to the court, immediately prior to the hearing on January 30, 2024, Hayden had filed his Notice of Corporate Ownership Statement of Western Steel Inc in the dismissed adversary proceeding.[153] The filing included Articles of Dissolution for Western Steel, Inc. dated January 23, 2024, signed by Steven M. Hayden, Jr. as trustee/stockholder and filed with the Alabama Secretary of State, as well as unfiled Articles of Dissolution for Western Steel Inc signed by Steven Hayden.[154] Hayden failed to disclose this filing, or its purpose, during the show cause hearing.

The filing of the Notice of Corporate Ownership Statement in the adversary proceeding, and the failure to advise the court at the January 30, 2024 hearings of that filing, caused the court to re-examine its stated intention not to proceed with sanctions under either show cause order. After the hearing, in the Cashion Family Trust involuntary bankruptcy the court entered its Order to Show Cause Why Sanctions Should Not Be Entered (CFT OSC), addressing that filing, Hayden's consent and subsequent attempt to dismiss the case, as well as his actions in the adversary and the Alabama state court litigation. Considering such actions, the court concluded that Hayden had filed the Cashion Family Trust case in bad faith.[155] The court agreed that the involuntary bankruptcy had to be dismissed for a variety of reasons,[156] but it retained "jurisdiction to hear and decide its Order to Show Cause Why Sanctions Should Not Be Entered, as well as any motion brought in this case under § 303(i), and to consider whether to sanction Steven M. Hayden Sr. as a vexatious litigant."[157] The court set a scheduling conference on the

---

[151] *Id.* at 17:6-8.
[152] *Id.* at 18:9-13.
[153] Adv. ECF No. 48.
[154] *Id*. at 46-49.
[155] CFT ECF No. 28.
[156] The court dismissed the Cashion Family Trust case on February 20, 2024. CFT ECF No. 27.
[157] CFT ECF No. 27 at 1.

CFT OSC to be heard on March 14, 2024. In the adversary proceeding, the court entered an order addressing the Notice of Corporate Ownership Statement and setting a further scheduling conference on the Adversary OSC to also be heard on March 14, 2024.[158]

The orders in both cases stated the purpose of the scheduling conferences was to set an in-person hearing, which was to include the examination of Hayden, and related deadlines. These orders were served on Hayden via email and first-class mail at the Las Vegas, Nevada address he entered on the involuntary petition.[159]

The court held the scheduling conferences on the OSCs on March 14, 2024.[160] Schwarz appeared for Western Steel Alabama and Cashion. The court sought Hayden's appearance twice during the hearing, but he did not appear.[161]

During the scheduling conferences, the court acknowledged Hayden's prior references to the demands of his work schedule. Taking this into account, the court gave Hayden an additional month from the hearing to respond to any issues raised in the OSCs.[162] Because Hayden had filed the Cashion Family Trust involuntary bankruptcy petition in Las Vegas, and the involuntary petition provided a Las Vegas address for Hayden, the court scheduled the show cause hearings to be heard in Las Vegas on July 11, 2024.[163] Finally, the court stated that interested parties seeking a vexatious litigant determination against Hayden could proceed with such motions on the same date as the show cause hearing.[164]

On March 19, 2024, the court entered its scheduling orders, setting a deadline of April 15, 2024, for parties in interest to file briefs addressing the issues raised in the show cause orders.[165] Hayden was given until June 3, 2024, to respond to those briefs. The scheduling orders further required Hayden to appear for examination under oath in person in Las Vegas on July 11,

---

[158] Adv. ECF No. 49.
[159] CFT ECF Nos. 28, 30; Adv. ECF 49, 51. On March 7, 2024, the court entered its order changing the time of the hearing on the OSC. CFT ECF Nos. 32-33.
[160] CFT ECF No. 37; Adv. ECF No. 68.
[161] CFT ECF No. 37, at 3 and 17; Adv. ECF 68 at 3 and 17.
[162] *Id.* at 14 -15.
[163] *Id.* at 15.
[164] *Id*. at 13-16.
[165] CFT ECF No. 38; Adv. ECF No. 69.

2024. The scheduling orders cautioned that his failure to appear for examination could result in the imposition of monetary or other sanctions.

On April 15, 2024, Cashion and Western Steel Alabama filed their motions in the Cashion Family Trust involuntary bankruptcy case (CFT Motion) and in the adversary proceeding (Adversary Motion) seeking a court order declaring Hayden a vexatious litigant, also to be heard on July 11, 2024.[166] The Motions were accompanied by requests for judicial notice and notices of the July 11, 2024, hearings.[167]

Two weeks later, in the adversary proceeding Hayden filed a document entitled, "Notice of Voluntary Dismissal with Prejudice," purporting to dismiss all filings by "Western Steel Inc Alabama Entity" with prejudice.[168] The notice of dismissal was purportedly signed by the "President and Director and Secretary" of "Western Steel Inc Ala Entity," and was "agreed" by Hayden. Attached to the notice of dismissal were a variety of documents which again attempted to conflate Western Steel Alabama with Western Steel Nevada. On July 22, 2024, the court entered its order denying the notice of voluntary dismissal.[169]

## O.  The motions to recuse.

On March 14, 2024, the very day of the show cause scheduling conferences he did not attend, Hayden filed his motion to recuse the undersigned in the Western Steel adversary proceeding.[170] On March 22, 2024, Hayden also filed a motion to recuse in his dismissed chapter 13 bankruptcy,[171] four days after the court entered its memorandum decision granting Cashion's and Western Steel Alabama's motion for sanctions in that case. On April 11, 2024, Hayden filed a motion to recuse the undersigned in the Western Steel Nevada involuntary chapter 7.[172] These motions were set for hearing before the Hon. Hilary Barnes on June 21, 2024. In light of the pending motions to recuse in the adversary proceeding, the court entered an order vacating the

---

[166] CFT ECF No. 43; Adv. ECF No. 81.
[167] CFT ECF Nos. 44, 45; Adv. ECF Nos. 82, 83, 85 (amended request for judicial notice).
[168] Adv. ECF No. 87.
[169] Adv. ECF No. 125.
[170] Adv. ECF No. 67. Hayden's initial motion to recuse contained such scandalous and defamatory allegations it was sealed by the court. Adv. ECF No. 72.
[171] Hayden ECF No. 146.
[172] Western Steel ECF No. 95.

July 11, 2024 hearing on the Adversary OSC and Motion in the adversary proceeding alone. The order provided that the hearing would be reset after an order on recusal was entered.[173] Judge Barnes entered her memorandum and orders denying recusal on July 8, 2024.[174]

At the time the court vacated the hearings on the Adversary OSC and Motion in the adversary proceeding, Hayden had not filed a similar motion to recuse in the Cashion Family Trust involuntary bankruptcy. As such, the CFT OSC and CFT Motion remained on calendar to be heard on July 11, 2024. On July 10, 2024, after Judge Barnes had denied the prior motions to recuse and the day before the scheduled evidentiary hearings on the CFT OSC and CFT Motion, Hayden filed a separate motion to recuse in the Cashion Family Trust involuntary case.[175] Judge Barnes entered her Order Denying Motion to Recuse that same day.[176]

**P.   The evidentiary hearings on the OSCs and the Motions.**

On June 3, 2024, Hayden timely filed his response to the CFT Motion and CFT OSC, entitled, "Opposition to Doc 42 Motion to extend page Limit [sic] Doc 43 Motion for Declaratory Relief and Doc 44 Motion for Judicial Notice MOTION TO RESCHEDULE ALL PENDING MOTIONS After the 455(a) hearing set June 21 2024."[177] In his opposition, Hayden: raised vague allegations of misconduct and collaboration among the undersigned, Schwarz, and Cashion; objected to judicial notice being taken post-dismissal, equating judicial notice with judicial review of state court decisions; demanded a jury trial in Reno; suggested the court was acting beyond its jurisdiction; argued that § 303(i) was the sole remedy available for a bad faith involuntary filing; stated Cashion and Western Steel Alabama lacked standing to file the CFT Motion; and objected to Western Steel Alabama's failure to file a corporate ownership statement under Fed. R. Bankr. P. 7007.1. Hayden requested until September 2024 to respond to the CFT Motion, though his pleading was filed as the opposition to that motion. Hayden also stated that

---

[173] Adv. ECF No. 100.
[174] Adv. ECF No. 110; Hayden ECF No. 163; Western Steel ECF No. 110.
[175] CFT ECF No. 58.
[176] CFT ECF No. 61.
[177] CFT ECF No. 47. Confusingly, Hayden requested that the July 11, 2024 hearings on the CFT OSC and the CFT Motion be rescheduled to occur after the June 21, 2024 hearing on his motions to recuse the undersigned in his dismissed chapter 13 and the adversary proceeding.

he did not consent to the bankruptcy court's jurisdiction, despite having filed the involuntary petition to commence the bankruptcy.[178] Finally, Hayden again alleged that Schwarz was not the authorized counsel of Western Steel *Alabama*. Rather, he alleged that he had emailed Schwarz a 2012 stockholder certificate and suggested that Schwarz was acting as counsel without "stockholder authority."[179]

Cashion and Western Steel Alabama filed their reply on June 17, 2024, generally rebutting Hayden's various arguments.[180] Subsequently, on June 20, 2024, Hayden filed a "Response to Motion for Declaratory Relief and Sanctions Docs 27 28 42 43 44 45 48 [sic]" (CFT Sur-Reply).[181] Hayden again raised a litany of arguments: the matters at issue in the show cause orders and CFT Motion were non-core and the court lacked jurisdiction to rule on them; Cashion and Western Steel Alabama lacked standing to bring the CFT Motion; the court lacked post-dismissal jurisdiction; Western Steel Alabama failed to file a corporate ownership statement under Fed. R. Bankr. P. 1011(f) and 7007.1; the August 20, 2013 judgment entered against him in Alabama had expired; and the court, Cashion and Schwarz had collaborated and engaged in misconduct against him.

Additionally, Hayden unequivocally stated that he was in control of Western Steel Alabama through the Cashion Family Trust because it owned Western Steel Alabama since 2012 and did not authorize Schwarz to act as counsel.[182] Moreover, he stated that the Cashion Family Trust had filed articles of dissolution of Western Steel Alabama with the Alabama Secretary of State on January 23, 2024.[183] Hayden further advised that he had "filed liquidation" of Western Steel Alabama on March 13, 2024, which purportedly transferred to the Cashion Family Trust the sole authority to represent Western Steel Alabama in all present and future legal

---

[178] CFT ECF No. 1.
[179] CFT ECF No. 47 at 10.
[180] CFT ECF No. 48. Although Hayden had not yet filed an opposition to the Adversary Motion, Cashion and Western Steel Alabama also filed their reply brief in the adversary proceeding. Adv. ECF No. 93.
[181] CFT ECF No. 49.
[182] *Id.* at 4-5.
[183] *Id.* The articles of dissolution Hayden referenced was the same document he attached to the Notice of Corporate Ownership Statement of Western Steel Inc filed in the adversary proceeding immediately prior to the January 30, 2024 initial hearing on the order to show cause. Adv. ECF No. 48.

proceedings.[184] Finally, Hayden stated that the principal office of Western Steel Alabama was located in Nevada.[185]

Cashion and Western Steel Alabama sought to strike the CFT Sur-Reply.[186] The court denied the request to strike, but took the substantive arguments raised in the motion to strike under consideration as a sur-sur-reply to the CFT Motion.[187]

Also on June 20, 2024, in the adversary proceeding Hayden filed his late opposition to the Adversary Motion.[188] Hayden restated his same arguments set forth in his opposition and CFT Sur-Reply. Five days later, he filed a second late opposition to the Adversary Motion.[189] His second opposition repeated his arguments yet again, though he added challenges to Judge Barnes's integrity and her authority to consider Hayden's motions to recuse the undersigned.[190]

On June 27, 2024, Hayden filed his "Notice of Judge Sprakers [sic] Violation of Code of Conduct for Federal Judgments [sic]" in both the adversary and in the Cashion Family Trust involuntary bankruptcy.[191] In that notice, Hayden argued that the court had provided substantive legal advice to Schwarz and engaged in impermissible ex parte communications with Schwarz and Cashion. Hayden identified the "ex parte" communications as those made on the record of the March 14, 2024, scheduling conference at which he failed to appear.[192]

On July 2, 2024, the court entered its order in the Cashion Family Trust involuntary bankruptcy denying Hayden's request to continue the July 11, 2024, hearings.[193] The court also added the recently-filed Notice of Violation of Judicial Code of Conduct filed in that case to the July 11, 2024, hearing calendar. The court set July 10, 2024, as Hayden's deadline for any additional supplemental responses to the CFT OSC or the CFT Motion. Further, the court addressed several arguments made by Hayden in his papers, ruling that: (1) holding the hearing

---

[184] *Id.*
[185] CFT ECF No. 49 at 5-6.
[186] CFT ECF No. 51.
[187] *See* CFT ECF Nos. 107, 112.
[188] Adv. ECF No. 94.
[189] Adv. ECF No. 95.
[190] *Id.* at 1-2.
[191] CFT ECF No. 50; Adv. ECF No. 96.
[192] *Id.* at 2-3.
[193] CFT ECF No. 54.

in Las Vegas was proper since Hayden commenced the Cashion Family Trust case in Las Vegas;
(2) there was no basis to reschedule the July 11, 2024, hearings in light of the prior June 21,
2024, hearings on the motions to recuse held in the other associated cases; (3) Hayden had
consented to the court's jurisdiction; and (4) Hayden lacked the right to a jury trial for both
vexatious litigant proceedings and proceedings under Fed. R. Bankr. P. 9011. Finally, the court
addressed Hayden's arguments regarding the court's jurisdiction, confirming that the matters to
be decided were core proceedings, and that court retained jurisdiction after the case was
dismissed to address the conduct within that case, impose sanctions if warranted, and decide
vexatious litigant motions.

On July 8, 2024, in the adversary proceeding Hayden filed a motion to withdraw the
reference to the United States District Court for the District of Nevada.[194] On July 10, 2024, as
noted above, Hayden filed his motion to recuse the undersigned in the Cashion Family Trust
involuntary bankruptcy case.[195] Simultaneously, Hayden also filed a motion to withdraw the
reference in the Cashion Family Trust bankruptcy to the United States District Court.[196]

On the day of the in-person evidentiary hearing, Hayden filed his motion to stay the
Cashion Family Trust involuntary bankruptcy proceedings until his motion to withdraw the
reference was decided.[197] Prior to the hearing, the court entered its order denying Hayden's
motion to stay the proceedings for his failure to satisfy the requirements for obtaining a stay
under Fed. R. Bankr. P. 5011(c).[198]

Also on July 11, 2024, Hayden filed another opposition to the court's CFT OSC,
continuing his ongoing conflation of the two Western Steel corporations and generally repeating
arguments previously raised.[199] Hayden further alleged that the sole purpose of the CFT Motion
was to thwart his efforts to file a new complaint in the United States District Court for the
District of Nevada.

---

[194] Adv. ECF No. 104.
[195] CFT ECF No. 58 (sealed).
[196] CFT ECF No. 63.
[197] CFT ECF No. 65.
[198] CFT ECF No. 67.
[199] CFT ECF No. 66.

The court held its evidentiary hearing on the CFT OSC and CFT Motion on July 11, 2024. Despite the court's prior order requiring the parties to appear in person, Schwarz, appearing for Cashion and Western Steel Alabama, and Hayden both appeared via telephone.[200] No counsel appeared for the Cashion Family Trust. The court discussed the CFT OSC and CFT Motion at some length with the parties but ultimately continued the evidentiary hearing to July 29, 2024. The court once again required that Hayden appear in person to provide testimony at the continued hearing, but scheduled the hearing to be heard in Reno, Nevada at his request. The court's post-hearing scheduling order cautioned Hayden that his failure to appear in person at the continued hearing could subject him to monetary or other sanctions and would entitle the court to make adverse inferences on the issues raised at the hearing.[201]

The following day, on July 12, 2024, Hayden withdrew his Notice of Violation of the Judicial Code of Conduct filed in the Cashion Family Trust involuntary bankruptcy, stating it "may contain inaccurate information" and conceding "Hayden is NOT a CERTIFIED EXPERT IN JUDICIAL CONDUCT."[202] The notice filed in the adversary proceeding was not withdrawn.

On July 22 and 24, 2024, Hayden filed his appeals of Judge Barnes's orders denying his motions to recuse filed in the adversary proceeding (July 22) and the Cashion Family Trust involuntary bankruptcy (July 24).[203] On July 26, 2024, Hayden filed his motions to continue or vacate the July 29, 2024 evidentiary hearings until after his appeals of the orders denying his motions to recuse were decided.[204] He combined his requests for continuance with a request that all filings by Cashion and Western Steel Alabama be struck, and again argued that the court lacked jurisdiction to impose sanctions pursuant to its OSCs. Hayden also again asserted the court had violated the Judicial Code of Conduct. The court entered its orders denying the

---

[200] Schwarz advised the court that he could not attend the hearing in person because he was ill.
[201] CFT ECF No. 77. On July 15, 2024, the court entered its order resetting the hearings on the Adversary OSC and Adversary Motion for July 29, 2024. Adv. ECF No. 116.
[202] CFT ECF No. 71.
[203] CFT ECF No. 84; Adv. ECF No. 119. On July 22, 2024, Hayden also appealed the orders denying recusal in his dismissed individual bankruptcy case (Hayden ECF No. 167) and in the Western Steel Nevada involuntary bankruptcy (Western ECF No. 113).
[204] CFT ECF No. 87; Adv. ECF No. 138.

requests to continue the July 29, 2024, hearing, stating it would address denial of the continuance and the other relief sought at the scheduled hearings.[205]

Meanwhile, on July 25, 2024, in the Cashion Family Trust involuntary bankruptcy and the adversary proceeding, Hayden filed a document entitled, "Request for Judicial Notice Under Fed. Rule Evid. Procedure [sic] 201(c)(2)."[206] Hayden attached numerous documents to his requests for judicial notice, including: (1) a letter dated July 12, 2024, to Hayden from the Office of the Circuit Executive of the United States Courts for the Ninth Circuit confirming receipt of a complaint of judicial misconduct against the undersigned; (2) articles of dissolution for Western Steel Alabama, recorded with the Alabama Secretary of State on January 13, 2024, and signed by Steven M. Hayden, Jr. as alleged trustee/sole stockholder; (3) articles of Amendment for Western Steel Alabama, recorded with the Alabama Secretary of State on January 9, 2024, adding Hayden as sole director of the corporation and adding his Las Vegas address as both the corporation's physical and mailing addresses; (4) a change of registered agent recorded with the Alabama Secretary of State on January 4, 2024, changing the registered agent for Western Steel Alabama from Jessica Campbell to Registered Agents Inc, signed by Robin Jones; (5) an Order from the Alabama Supreme Court dated April 25, 2024, denying Appellees' Motion for Remand and Motion for Sanctions filed by Cashion, Western Steel Alabama, Fred Campbell and Jason Spinks in what appears to be a consolidated appeal brought by Hayden in three civil cases involving the four movants (appellate case nos. SC-23-0599, SC-23-0600, and SC-23-0752); (6) an Order entered by the Alabama Supreme Court dated June 27, 2024, in *Hayden v. Western Steel, Inc.,* SC-2024-0316, and (7) several filings in the *Hayden v. Commercial Litigation Docket et al.*, Case No. 2:18-cv-02403-RFB-DJA.

Despite filing the request for judicial notice on Thursday, July 25, 2024, Hayden failed to appear at the continued evidentiary hearing held the following Monday, July 29, 2024. Schwarz appeared in person for Cashion and Western Steel Alabama. After hearing argument from

---

[205] CFT ECF No. 96; Adv. ECF No. 144.
[206] CFT ECF No. 85; Adv. ECF No. 133.

Schwarz on the Motions and taking limited supplemental testimony from Western Steel Alabama president Fred Campbell, the court took the Motions and the OSCs under advisement.

The day after failing to appear at the evidentiary hearing, Hayden filed an "Affidavit of Authenticity and Declaration"[207] in the adversary proceeding, which attached a complaint captioned for filing in the United States District Court for the District of Nevada listing Hayden as the plaintiff. The document listed Fred R. Campbell, Jason E. Spinks, Jessica Nicole Campbell and Ralph J. Bolen, all residents of Alabama, as defendants. In the complaint, Hayden appeared to challenge the prosecution of the Alabama state court proceedings during the pendency of his various bankruptcy filings. He brought claims for abuse of process and tortious interference with contractual relations and sought millions of dollars in compensatory and punitive damages. There was no indication the complaint had been filed with the District Court, it bore no case number, and although it was purportedly signed by Hayden, it was not dated.

Approximately two weeks later, on August 13, 2024, Cashion and Western Steel Alabama requested leave to supplement the Motions.[208] In the requests to supplement, they asked the court to note additional pleadings filed prior to and after the July 29, 2024 hearings by Hayden in the Cashion Family Trust case, the Hayden bankruptcy case, and the adversary proceeding.

The request for leave to supplement the Motions triggered a further response by Hayden filed on August 22, 2024, in the adversary proceeding, and on September 4, 2024, in the Cashion Family Trust involuntary bankruptcy case.[209] In addition to opposing the request to supplement, Hayden repeated his prior arguments made in opposition to the OSCs and the Motions. He again erroneously maintained that the Motions had already been denied by the United States District Court, when it denied Cashion and Western Steel Alabama's motion for a vexatious litigant determination in *Hayden v. Commercial Litigation Docket et al.*, Case No. 2:18-cv-02403-RFB-DJA after dismissing the underlying claims for lack of jurisdiction. Hayden further requested that

---

[207] Adv. ECF No. 148.
[208] CFT ECF No. 103; Adv. ECF No. 153.
[209] CFT ECF No. 106; Adv. ECF No. 155.

all evidence and argument submitted by Cashion and Western Steel Alabama be disregarded due to their alleged lack of standing. He again repeated his argument that the court lacked jurisdiction over this dispute, notwithstanding the court's order rejecting that argument entered in the Cashion Family Trust involuntary bankruptcy case on July 2, 2024.

**Q.  Subsequent miscellaneous proceedings in the bankruptcy cases.**

Despite the chapter 7 case having been fully administered, on August 27, 2024, Hayden filed a further amended schedule A/B in the Western Steel Nevada involuntary bankruptcy.[210] Attached to the schedule is a statement signed by Hayden containing multiple representations again conflating Western Steel Alabama and Western Steel Nevada.

On December 31, 2024, in all but one of the four bankruptcy court proceedings he commenced, Hayden filed his Motion to Appoint Counsel for Western Steel Inc.[211] In that motion, Hayden renewed his claims that he is the responsible party for Western Steel Alabama per the IRS, and that the Cashion Family Trust is the valid stockholder of Western Steel Alabama's stock, not Cashion. He further alleged that Schwarz was not authorized to represent or be paid by Western Steel Alabama. None of the motions were accompanied by a notice or request for expedited consideration, nor did the court receive any requests for hearing on the motions; accordingly, neither Cashion nor Western Steel Alabama have responded, nor has the court addressed the motions since they are not ripe for adjudication.

On March 14, 2025, the United States District Court for the District of Nevada denied Hayden's request to withdraw the reference in the adversary proceeding, noting that the request was moot in light of his voluntary dismissal of that proceeding.[212]

<u>Analysis</u>

**I.  Procedural Issues.**

Hayden has repeatedly challenged the court's taking of judicial notice and has maintained that Western Steel Alabama has failed to comply with Fed. R. Bankr. P. 1011 and 7007.1

---

[210] Western ECF No. 129.
[211] Adv. ECF No. 166; Hayden ECF No. 199; Western ECF No. 133. The motion was not filed in the Cashion Family Trust involuntary bankruptcy.
[212] Adv. ECF No. 168.

regarding the filing of a corporate ownership statement. He has also repeatedly alleged that Cashion and Western Steel Alabama lack standing to bring the Motions. The court shall first address these procedural issues.

### A. Judicial Notice.

Hayden contends that the court's taking of judicial notice is tantamount to allowing discovery in a dismissed bankruptcy case. Hayden is mistaken. "Judicial notice is…a substitute for formal proof." Russell, *Bankr. Evid. Manual* § 201.1 (2015-2016 ed.). However, "the Advisory Committee Notes make clear that extreme caution should be used in taking judicial notice of adjudicative facts because of the traditional belief that the taking of evidence, subject to established safeguards, is the best way to resolve controversies involving disputes of facts." *Id.* at § 201:2. Thus, "a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). "Under Federal Rule of Evidence …201, the Court can take judicial notice of 'a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *King v. Export Development Canada et al. (In re Zetta Jet USA, Inc.)*, 624 B.R. 461, 469 (Bankr. C.D. Cal. 2020) (quoting *Manix Energy, Ltd. v James (In re James)*, 300 B.R. 890, 894 (Bankr. W.D. Tex. 2003)); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *JTF Rose, Inc. v. Esquerra (In re Esquerra),* 2019 WL 2762938, at *6 (B.A.P. 9th Cir. June 28, 2019).

That said, the question before the court presently is directed at Hayden's actions in his bankruptcy proceedings before this court, and those before other state and federal courts in Alabama and Nevada. "Courts routinely take judicial notice of their own court records." *Dunlap v. Neven*, 2014 WL 3000133, at *5 (D. Nev. June 30, 2014) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)); *Crawford v. Kroger Co.*, 2020 WL 8225502, at *2 n.2 (D. Nev. Oct. 26, 2020) (taking judicial notice of prior court orders). Although a court may take judicial notice of its own docket, as noted above the factual matters asserted in the pleadings are not entitled to a presumption of truth. *See Finato v. Keith Fink &*

40

*Assocs.*, 2017 WL 3075510, at *3 (C.D. Cal. May 17, 2017) ("While the court may take judicial notice of its own docket, the allegations [in] the original complaint ... are not entitled to the presumption of truth.") [internal quotation omitted]; *see also Zetta Jet*, 624 B.R. at 470. For example, the court may take judicial notice of Hayden's filings in bankruptcy cases he has commenced, as well as those in Alabama and Nevada, but that does not mean that those filings are taken for the truth of the matters asserted in those documents. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Lee*, 250 F.3d at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)); *Strand v. Clark (In re Clark)*, 2012 WL 1911926, at *1 n.4 (B.A.P. 9th Cir. May 25, 2012) (quoting *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990)) ("'It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.'"). A court's actions, however, present a different matter. A court's order constitutes a discrete action subject to judicial notice to establish that action. And, if final, that decision is entitled to preclusive effect under various doctrines such as issue and claim preclusion, as well as full faith and credit. *See generally Delannoy v. Woodlawn Colonial, L.P. (In re Delannoy)*, 615 B.R. 572, 582 (B.A.P. 9th Cir. 2020) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)) (A bankruptcy court "'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'").

Hayden has objected on numerous occasions to the court taking judicial notice of court records (orders, judgments, and pleadings) from proceedings both outside and within the United States Bankruptcy Court for the District of Nevada. In the current context, these decisions and orders document Hayden's long-standing pattern of litigation against Cashion and Western Steel Alabama. Overwhelmingly, these orders and decisions are final, including the preliminary injunctions, orders of civil and criminal contempt, and statements or designations of Hayden as a vexatious litigant. Hayden is not entitled to relitigate those matters. The court may properly take

41

judicial notice of these orders and decisions, and it does. The court takes judicial notice of the existence of the documents attached at CFT ECF No. 44, as well as those documents that Hayden has requested the court take judicial of at CFT ECF No. 85. Additionally, the court takes judicial notice of the documents filed in each of the bankruptcy matters discussed above.

### B.  Federal Rules of Bankruptcy Procedure 1011 and 7007.1.

Hayden makes much of Fed. R. Bankr. P. 1011 and 7007.1, asserting in the opposition and numerous other filings that Western Steel Alabama's failure to file a corporate ownership statement under these provisions somehow conceals conflicts of interest which might reveal wrongful conduct by Cashion. This argument is frivolous.

Fed. R. Bankr. P. 1011(f) provides that "[a] corporation that responds to the petition must file a corporate-ownership statement containing the information described in Rule 7007.1. The corporation must do so with its first appearance, pleading, motion, or response, or other first request to the court." This argument applies to the Cashion Family Trust bankruptcy case, which was dismissed by Hayden on February 20, 2024.[213] Western Steel Alabama is obviously not the named debtor responding to the petition and made no appearance in the case until it filed the CFT Motion and related pleadings on April 15, 2024.[214] Fed. R. Bankr. P. 1011(f) only requires a party to file a corporate ownership statement if it "responds to the petition." The CFT Motion is not a response to the petition; at the time it was filed, the petition had been dismissed. Fed. R. Bankr. P. 1011(f) is thus inapplicable to the CFT Motion.

In turn, Fed. R. Bankr. P. 7007.1 requires that nongovernmental corporations that are parties to an adversary proceeding identify their ownership. However, Rule 7007.1 applies only in adversary proceedings. It is inapplicable to the three bankruptcy cases commenced by Hayden. As to the adversary proceeding against Cashion and Western Steel Alabama, Hayden never filed service of process before dismissing the case.[215] Accordingly, Western Steel Alabama's

---

[213] CFT ECF No. 27.

[214] CFT ECF Nos. 42-45.

[215] In their "Opposition to Motion to Strike Every Filing of 'Alabama Western Steel' Filed without a Corporate Ownership Statement and supplemented Motion for Recusal 455(a) [ECF # 74]" (Adv. ECF No. 90, as amended at Adv. ECF No. 92), Cashion and Western Steel Alabama contend that Hayden named Western Steel *Nevada* as defendant in adversary proceeding 23-05012-gs. The court agrees that

obligation to file a statement under Fed. R. Bankr. P. 7007.1(b)(1) was never triggered. Once dismissed, Western Steel Alabama was no longer a "party to an adversary proceeding" with a duty to file a statement under Fed. R. Bankr. P. 7007.1(a). Thus, Western Steel Alabama was never required to comply with Fed. R. Bankr. P. 7007.1.

More fundamentally, neither rule, nor any questions of compliance with them, implicates any substantive issues. Western Steel Alabama has moved to determine that Hayden is a vexatious litigant because he filed these cases, and continues to file documents, in a continuing attempt to assert control of that company in contravention of a final judgments and numerous orders. In short, Rules 1011 and 7007.1 are immaterial to the determination of the OSCs and Motions.

**C. Standing.**

At the scheduling hearing held on March 14, 2024, the court observed that although Cashion and Western Steel Alabama had not made an appearance in the Cashion Family Trust bankruptcy case, and had not been "properly brought into the adversary," they were "certainly parties in interest at this point under the reservation of jurisdiction to address the effects of" Hayden's various filings asserting an interest in and control of their assets.[216] Hayden repeatedly contends that because neither Cashion nor Western Steel Alabama are parties in the Cashion Family Trust bankruptcy case, they lack standing to bring the CFT Motion.

"Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *Veal v. Am. Home Mortg. Svcing, Inc. (In re Veal)*, 450 B.R. 897, 906 (B.A.P. 9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Litigants in federal courts must satisfy both constitutional and prudential standing requirements. *Id.* A party with constitutional standing has suffered "an injury in fact, which is caused by or fairly traceable

---

the complaint is not exactly clear as to which entity Hayden sued in the adversary proceeding. Hayden's allegations in the complaint, however, relate to Western Steel Alabama's purchase of real property located at 76297 Tallahassee Highway, Wetumpka, Alabama at the sheriff's sale, which Hayden alleged involved a fraudulent conveyance. *See* Adv. ECF No. 1 at 8, ¶ 25. Therefore, it appears that Hayden named Western Steel *Alabama* as defendant in the adversary proceeding, though the complaint was never served.
[216] CFT ECF No. 37, Transcript at 11:16-20.

to some conduct or some statutory prohibition, and which the requested relief will likely redress." *Id.* Prudential standing, on the other hand, is "a body of judicially self-imposed limits on the exercise of federal jurisdiction founded in concern about the proper—and properly limited—role of the courts in a democratic society." *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) [internal quotations omitted]. Prudential standing "generally provide[s] that a party without the legal right, under applicable substantive law, to enforce an obligation or seek a remedy with respect to it is not a real party in interest." *Veal*, 450 B.R. at 907. The "[r]eal party in interest doctrine…melds procedural and substantive law; it ensures that the party bringing the action owns or has rights that can be vindicated by proving the elements of the claim for relief asserted." *Id.* at 908. Stated otherwise, "'[p]rudential standing generally requires the plaintiff[']s claim to be based on its own legal rights, as opposed to those of a third-person[.]'" *Nordisk Sys., Inc. v. Sirius Computer Sols., Inc.*, 156 F. Supp. 3d 1212, 1216 (D. Or. 2015) (quoting *Renx Grp., LLC v. US Bank as Successor Tr. to Bank of Am., NA*, 2015 WL 6445044, at *3 (D. Or. Oct. 23, 2015)).

   In *In re Carl F. Semrau D.D.S., Ltd.*, 356 B.R. 677, 685 (Bankr. N.D. Ill. 2006) the bankruptcy court examined the standing of related chapter 7 debtors (an individual and his dental practice) who brought motions for sanctions against the individual debtor's former spouse and other creditors, seeking "redress for what they conclude was a six-year campaign of litigation abuse against them." The respondents argued that the chapter 7 trustees of the debtors' cases, not the debtors themselves, had standing to pursue the motions. The court disagreed, concluding that constitutional standing was satisfied because the debtors each asserted "actual damages arising from the alleged conduct" which gave the debtors a "direct and adversely affected pecuniary interest." *Id.* at 692. The court also concluded that the debtors had prudential standing under 11 U.S.C. § 105(a) and 28 U.S.C. § 1927.[217]

---

[217] Although noting a split of authority in the Seventh Circuit regarding a bankruptcy court's authority to impose sanctions under 28 U.S.C. § 1927, the *Semrau* court cited two Seventh Circuit cases upholding sanctions imposed by bankruptcy judges under that statute. *See Semrau*, 356 B.R. at 693-94 ("The Seventh Circuit has held that a bankruptcy judge can sanction an attorney under the authority of 28 U.S.C. § 1927.") [internal citations omitted].

Like the debtors in *Semrau*, Cashion and Western Steel Alabama have asserted actual damages arising from the filing of this involuntary proceeding.[218] They argue that each has been subjected to Hayden's efforts to seize and control Cashion's assets and interests in Western Steel Alabama. Since 2013, those actions have directly contravened numerous court orders. They have alleged that Hayden's bankruptcy filings are the most current extension of those efforts. Cashion and Western Steel Alabama have established that they are directly and adversely affected by Hayden's filings and are asserting their own legal rights, not those of a third party. It is equally clear that the bankruptcy court has the subject matter jurisdiction to examine and regulate the filings before it, including the commencement of bankruptcy cases and adversary proceedings. "This power includes the power to issue restrictive pre-filing orders against vexatious litigants." *Tangwall v. Compton (In re Bertran)*, 2018 WL 1704306, at *5 (B.A.P. 9th Cir. Apr. 6, 2018). Hayden's challenges to the movants' standing to bring the CFT Motion are without merit.

## II.  Legal basis for sanctions.

Hayden has argued that the statutory damages available to the Cashion Family Trust under § 303(i) for a dismissed involuntary bankruptcy filing are the sole remedy within an involuntary petition. The court disagrees. Section 303(i) effectively imposes strict liability on any petitioning creditors commencing an involuntary bankruptcy that is dismissed without the consent of all the petitioners and the debtor. True, § 303(i)(2) expressly provides for the recovery of damages, including punitive damages, for the filing of an involuntary bankruptcy in bad faith. However, only the putative debtor has standing to pursue damages under § 303(i)(2). *Matter of 8Speed8, Inc.,* 921 F.3d 1193, 1195 (9th Cir. 2019); *Miles v. Okun (In re Miles),* 430 F.3d 1083, 1093–94 (9th Cir. 2005); *In re Mike Hammer Prods., Inc.*, 294 B.R. 752, 755 (B.A.P. 9th Cir. 2003) ("Section 303(i)(2) does not give standing to third parties to recover damages from a bad-faith involuntary petitioner."). Hayden appears to argue that neither Cashion or Western Steel Alabama, nor the court, can take any action against him because such action is outside the scope

---

[218] *See* CFT ECF No. 43 at 23:8-16 (describing Hayden's actions in both Alabama and Nevada which "cost Alabama Western Steel and Cashion hundreds of thousands of dollars in attorneys' fees and costs.").

of § 303(i). The court agrees that it may not award damages against Hayden under § 303(i) for the filing of the Cashion Family Trust involuntary bankruptcy. However, the limited availability of damages under § 303(i) did not absolve Hayden from his underlying obligations and inherent responsibilities when filing cases and pleadings with the courts.

All bankruptcy filings, including petitions, are subject to the requirements of Fed. R. Bankr. P. 9011(b). Courts also have the inherent authority to declare a litigant vexatious and place reasonable restrictions on the party's access to the courts. *Koshkalda v. Schoenmann (In re Koshkalda),* 622 B.R. 749, 757-58 (B.A.P. 9th Cir. 2020). The OSCs and Motions are directed at Hayden's pattern of filing cases, then failing to serve process to formally commence the actions, only to dismiss the matters when defective service is raised by the court. This strongly suggested that Hayden was filing these matters for an improper purpose – namely to continue his efforts to collaterally attack the Alabama judgment and orders. These matters are beyond the limitations of § 303(i). Rather, they implicate the overarching requirement that bankruptcy cases, and each filing within those cases, be filed for a proper purpose and be supported by facts and law under Rule 9011. *In re Letourneau*, 422 B.R. 132 (Bankr. N.D. Ill. 2010) (court imposed monetary sanctions pursuant to its order to show cause why sanctions should not be imposed under Rule 9011 for the petitioning creditor's bad faith involuntary bankruptcy filing against himself). "[W]hat few courts that have been presented with this question have, for the most part, either held, stated in dicta, or implied that Rule 9011 and Section 303(i) are not mutually exclusive— that Rule 9011 is technically available and Section 303(i) does not supersede or supplant its availability in an involuntary petition context." *In re Commonwealth Securities Corp.*, 2007 WL 309942, at *5 (Bankr. N.D. Tex. Jan. 25, 2007); *see also In re International Mobile Advertising Corp.*, 1991 WL 156588 (E.D. Pa. Aug. 13, 1991). Additionally, "[f]ederal courts have inherent power to fashion an appropriate sanction for conduct 'which abuses the judicial process.'" *Barker v. U.S. Nat. Bank*, 2015 WL 1622098, at *5 (D. Or. Apr. 9, 2015) (quoting *Chamers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991)); *see also* 11 U.S.C. 105(a); *In re Upland Partners*, 2006 WL 980583 (Bankr. D. Haw. March 15, 2006); *Koshkalda,* 622 B.R. at 767 (citing *Law v. Siegel*, 571 U.S. 415, 427 (2014)).

For the reasons stated below, the court concludes that its OSCs and the Motions have effectively merged at this point. Courts have ordered Hayden to cease and abandon his efforts to seize and control Cashion's and Western Steel Alabama's assets since 2013. They have entered monetary sanctions and fines far exceeding $1,000,000, and they continue to accrue. The Alabama courts have held him in both civil and criminal contempt for his refusal to comply with their judgments and permanent injunctions. Two courts have previously declared him to be a vexatious litigant, while others, including the Eleventh Circuit, have noted his frivolous filings and described him as vexatious for making the very same arguments he has raised in the bankruptcy cases. Hayden's bankruptcy filings represent his latest efforts to circumvent those judgments and orders. The court concludes that monetary sanctions have had no effect on Hayden. As noted by the Alabama state court in 2013, little will stop Hayden from attempting to acquire control of Cashion's assets or harassing him and Western Steel Alabama, even the prior injunctions. Little is left except pre-filing restrictions.

Though the court concludes that the vexatious litigant determination sought by the Motions are the predominant consideration, the court will also consider sanctions under Fed. R. Bankr. P. 9011 and its inherent authority as that analysis aids in consideration of the substantive factors required under the Motions.

### A.  Rule 9011.

"Rule 9011(b) imposes on attorneys, and also on unrepresented parties, the obligation to insure [sic] that all submissions to a bankruptcy court are truthful and for proper litigation purposes." *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 543 (9th Cir. 2004). Rule 9011(b), entitled "Representations to the court," provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

Rule 9011(c) addresses the remedies for violation of the statute, and how they must be invoked. When sanctions are sought by a party in interest, a motion must generally be filed after giving the party to be sanctioned 21 days to withdraw or correct the filing. Fed. R. Bankr. P. 9011(c)(1)(A). This safe harbor, however, does not apply to the filing of the bankruptcy petition. *Id.*; *Dressler v. The Seeley Co. (In re Silberkraus),* 336 F.3d 864, 868 (9th Cir. 2003). Rule 9011(c)(2) makes clear that sanctions ordered "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." This subsection further provides that "the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation…." *Id.*

Imposition of sanctions under Rule 9011 "requires only a showing of objectively unreasonable conduct." *DeVille*, 361 F.3d at 548 (quoting *Fellheimer, Eichen & Braverman v. Charter Technologies*, 57 F.3d 1215, 1225 (3d Cir. 1995)). But "[i]n determining whether sanctions are warranted under Rule 9011(b), we 'must consider both frivolousness *and* improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other.'" *Silberkraus*, 336 F.3d at 870 (quoting *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 830 (9th Cir.1994)) [emphasis in original]). Bankruptcy cases filed in bad faith may qualify for sanctions under Rule 9011 where they are frivolous and filed for an improper purpose. *Id.* at 870-71; *Marsch,* 36 F.3d at 829-31.

48

The court is aware of, and appreciates, that Hayden is proceeding without counsel. Yet "[i]n appropriate cases, pro se litigants are subject to Rule 11 sanctions." *Bernstein v. Appellate Division*, 2013 WL 11232891, at *2 (S.D.N.Y Aug. 29, 2013) (construing Fed. R. Civ. P. 11); *see also DeVille*, 361 F.3d at 543 ("Rule 9011(b) imposes on attorneys, and also on unrepresented parties, the obligation to insure that all submissions to a bankruptcy court are truthful and for proper litigation purposes."); *Business Guides v. Chromatic Communications, Enterprises*, 892 F.2d 802, 811 (9th Cir. 1989), *aff'd* 111 S. Ct. 922 (1991) ("Pro se litigants are subject to Rule 11 sanctions and their filings, like those of attorneys, are judged by an objective standard of reasonableness.").

The Ninth Circuit Court of Appeals has addressed the application of Rule 9011 to pro se litigants in the bankruptcy context:

> Bankr. R. 9011 is the primary legal basis for sanctions in bankruptcy proceedings. *In re Grantam Bros.*, 922 F.2d 1438, 1441 (9th Cir. 1991). Because the language of Rule 9011 is virtually identical to that of Fed. R. Civ. P. 11, courts considering sanctions under Bank. R. 9011 rely on cases decided under Rule 11. *Id.* Under Bankr. R. 9011, as under Rule 11, a district court may impose sanctions if the pleading or paper is filed for an improper purpose, or if the pleading is frivolous. *Townsend v. Halman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). A pleading is frivolous if it is baseless and made without a reasonable and competent inquiry. *Id.* The district court may infer an improper purpose when it has solid evidence of a pleading's frivolousness. *Id.* at 1365.

*Charter Pacific Bank v. Tuli (In re Kaygee (USA), Inc.)*, 1994 WL 192302, at *1 (9th Cir. May 17, 1994).

As one court has explained, "the good faith inquiry is essentially directed to two questions: (1) whether the debtor is trying to abuse the bankruptcy process and invoke the automatic stay for improper purposes; and (2) whether the debtor is really in need of reorganization." *In re Marshall*, 298 B.R. 670, 681 (Bankr. C.D. Cal. 2003).

Hayden was not writing on a blank slate when he commenced his actions in the bankruptcy court. Rather, the filings represented another resort to the judicial process to evade existing injunctions and final judgments. By the time he sought to place the Cashion Family Trust involuntarily into bankruptcy, the Alabama state courts had entered permanent injunctions and final judgments in both the First and Second Alabama Cases. As the Alabama courts have

made clear, the two involuntary cases and the adversary are continuing violations of the existing injunctions stretching back to the original permanent injunction entered in the final judgment in the First Alabama Case on August 20, 2013. There, the court specifically enjoined Hayden "and any trust or entity formed, established or controlled" by him "from establishing, forming or attempting to establish or form any trust, corporation, partnership, limited liability company or other entity to control any asset or property, whether real, personal or mixed, tangible or intangible, owned by William B. Cashion, or any property or asset of Western Steel, Inc."[219]

On January 6, 2021, the Alabama court specifically held Hayden in contempt for willfully violating the August 20, 2013 injunction entered in the First Alabama Case "by establishing an impostor corporation under the name of 'Western Steel, Inc.' in the state of Wyoming and registering said impostor corporation to do business in the state of Nevada."[220] The court specifically found that Hayden had violated the existing injunctions enjoining him "from conducting or attempting to conduct any business whatsoever on behalf of Western Steel, Inc."[221] The court then ordered Hayden "to immediately dissolve said impostor corporation and to withdraw and /or dismiss any court filings in which said Defendant purports to maintain that he has any interest whatsoever in Western Steel, Inc."[222]

The court in the Second Alabama Case entered its final order dated April 17, 2023, holding Hayden in criminal contempt of court for willful and intentional violations of the First Alabama Case judgment dated August 20, 2013, and its own order dated January 6, 2021, entered in the Second Alabama Case.[223] The April 17, 2023, final order was entered roughly four months before Hayden filed his involuntary petition against the Cashion Family Trust. It also specifically enjoined Hayden from, among other things:

- continuing his efforts to act on behalf of Western Steel Alabama vis a vis the IRS;

- representing himself as an officer or registered agent for Western Steel, Inc., in Georgia, Nevada and Wyoming;

---

[219] CFT ECF No. 44-1 at 54.
[220] CFT ECF No. 44-3 at 3.
[221] *Id.*
[222] CFT ECF No. 44-3 at 3, ¶ 4.
[223] CFT ECF No. 44-4.

- "[c]ontinuing actions involving William B. Cashion Family Nevada Spendthrift Trust"; and

- "[t]ransferring William B. Cashion's assets and property to the William B. Cashion Family Nevada Spendthrift Trust."[224]

Rather than dissolve Western Steel Nevada as required by the Alabama injunction, Hayden placed it into an involuntary bankruptcy. The Alabama court then specifically confirmed on August 23, 2023, that Hayden's commencement of the Western Steel Nevada bankruptcy violated the August 29, 2013, permanent injunction entered in the First Alabama Case and the January 6, 2021, permanent injunction entered in the Second Alabama Case.[225]

Despite the specific language of the April 17, 2023, final order entered in the Second Alabama Case enjoining Hayden from taking any actions on behalf of the William B. Cashion Family Nevada Spendthrift Trust, Hayden filed the Cashion Family Trust involuntary bankruptcy, listing the William B. Cashion Family Nevada Spendthrift Trust as another name for the putative debtor. Two days later, he filed his adversary proceeding in the Western Steel Nevada bankruptcy, further violating the Alabama injunctions. These actions were taken in contravention of an existing judgment and permanent injunctions. Inherently, these filings were objectively unreasonable in light of the multiple orders enjoining this conduct generally and specifically. Similarly, it is beyond dispute that the filings were both barred by the injunctions and filed to continue Hayden's collateral attacks on the final judgment entered in the First Alabama Case, which has been rejected on direct appeal by the Alabama Supreme Court and indirectly by every other court to consider Hayden's claims.

As detailed in the factual discussion, Hayden's arguments in each of his bankruptcy matters demonstrates his continuing efforts to obtain control of Cashion's and Western Steel's assets.  It is beyond question that Hayden sought to place the Cashion Family Trust into an involuntary bankruptcy case, and to bring suit against Cashion and Western Steel Alabama, for improper purposes. As they both violated the Alabama final judgment and injunctions, they were frivolous. Rather, Hayden filed the two bankruptcy matters, and the pleadings in them, to abuse

---

[224] *Id.* at 3-4.
[225] CFT ECF No. 44-17 at 4, ¶ (E).

the bankruptcy process rather than for any proper or legitimate bankruptcy purpose. *See generally Marshall*, 298 B.R. at 681.

To be clear, Hayden's filings within these actions were similarly frivolous. Specifically, the filings in the Cashion Family Trust involuntary bankruptcy and the adversary proceeding described in the above factual discussion were filed without any basis in either law or fact. The court finds those filings to similarly be both frivolous and filed for an improper purpose, namely to violate and frustrate the Alabama final judgment and injunctions.

### B. Inherent Authority.

Bankruptcy courts have the inherent power to sanction acts taken in bad faith or willful misconduct. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284–85 (9th Cir. 1996); *Bertran*, 2018 WL 1704306 at *5. As the Ninth Circuit Court of Appeals noted in *Caldwell*, "there can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court." *Id.* at 284. Such authority is derived from § 105(a) of the Bankruptcy Court, which statutorily provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105.

A court may impose sanctions under its inherent power sua sponte. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962). Additionally, courts may impose sanctions pursuant to their inherent authority even when the same conduct may also be punished under another sanctioning statute or rule. *Chambers*, 501 U.S. at 50. To impose inherent power sanctions, a court must find that a party acted in bad faith, vexatiously, wantonly, or for oppressive reasons or took actions in the litigation for an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers*, 501 U.S. at 45–46 & n.10). The court must make a specific finding of bad faith or conduct tantamount to bad faith. *Id.* at 994. "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual

basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *Bader v. Itel Corp. (In re Itel Securities Litigation)*, 791 F.2d 672, 675 (9th Cir. 1986) (quoting *Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980)). Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. *Fink*, 239 F.3d at 994. Sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

The above discussion under Rule 9011 also satisfies the requirements necessary to invoke the court's inherent powers. Hayden filed the involuntary bankruptcy and adversary proceeding as part of a well-established pattern of continuing actions to circumvent and avoid the judgment and orders entered by the Alabama state court. This court is not the first to reach this conclusion. The Alabama state courts, the United States Court of Appeals for the Eleventh Circuit and a state court for Nevada have previously reached similar conclusions in cases involving Hayden's efforts to seize and exercise control over Cashion's and Western Steel Alabama's assets.[226] The filings of these two bankruptcy cases, and the subsequent activities in both, abundantly establish that Hayden filed the involuntary bankruptcy and adversary proceeding "in bad faith, vexatiously, wantonly, or for oppressive reasons" and "took actions in the litigation for an improper purpose."

Having concluded that Hayden has engaged in sanctionable conduct, the court turns its attention to the appropriate sanctions to be given. Cashion and Western Steel Alabama have

---

[226] In his various pleadings filed with the court, Hayden frequently raises the refusal of the United States District Court of Nevada to declare him a vexatious litigant in case no. 2:18-cv-02403-RFB-DJA, *Hayden v. Commercial Litigation Docket, et al*. CFT ECF No. 85 at 76-79. As noted above, the order referenced by Hayden plainly acknowledged that the vexatious litigant motion brought by Cashion and Western Steel Alabama in that proceeding was denied *without prejudice*, along with all other pending motions, after the entire litigation was dismissed for lack of jurisdiction. It is evident from the order that the vexatious litigant motion was not decided on the merits, but rather was denied as a matter of standard procedure upon the dismissal of the litigation.

requested that the court determine Hayden to be a vexatious litigant and restrict his right to file future bankruptcy cases without further pre-filing review. For the reasons discussed below, the court agrees that a pre-filing restriction is appropriate. While cognizant that restricting access to the courts is a very serious sanction, other courts have imposed injunctions that Hayden continues to ignore. In this hopefully rare instance, pre-filing restrictions are needed and supported by the record.

### III.  Declaration of Hayden as a vexatious litigant.

Courts, including bankruptcy courts, have significant discretion in determining the sanctions to be imposed for a violation of Rule 9011. *DeVille*, 361 F.3d at 553. Once sanctionable conduct is found, "the court may order that the sanctioned party pay a penalty into the court, and/or that the sanctioned party pay the movant's reasonable attorney's fees and other expenses incurred as a direct result of the violation." *Robinson v. Lawrence (In re Lawrence)*, 494 B.R. 525, 531 (Bankr. E.D. Cal. 2013) (citing Fed. R. Bank. P. 9011(c)(2)); *Winterton v. Humitech of Northern Cal., LLC (In re Blue Pine Group, Inc.)*, 457 B.R. 64, 78 (B.A.P. 9th Cir. 2011), *vacated on other grounds,* 526 F. App'x 768 (9th Cir. May 20, 2013). Generally, monetary sanctions are often imposed under Rule 9011 but courts may include a nonmonetary directive. Fed. R. Bankr. P. 9011(c)(4)(A)(i). Regardless of the form of the sanction, it must "be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2).

In this instance, courts have been entering monetary sanctions and fines against Hayden since 2013 in an effort to compel him to cease his interference with Cashion's and Western Steel Alabama's assets. The fines against Hayden far exceed $1,000,000 and are approaching $2,000,000 when attorney fees are included. Additionally, he has been held in criminal contempt for the same conduct. Finally, both the Alabama and Nevada state courts have previously declared him to be a vexatious litigant for raising the same basic claims relating to Cashion and Western Steel Alabama. He has responded by filing four bankruptcy matters in bad faith, the last three of which were filed in violation of those same orders and involve the same enjoined conduct.

Cashion and Western Steel Alabama have specifically moved to declare Hayden a vexatious litigant and enter pre-filing orders for any further bankruptcy filings. "[I]t is beyond dispute that federal courts, including district courts, 'have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.'" *Bertran*, 2018 WL 1704306 at *5 (citing *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)). This includes bankruptcy courts.[227] *Id.; see also Koshkalda,* 622 B.R. at 757-58. As noted above, at this point, the court believes that its OSCs have merged with the Motions. Monetary sanctions have failed to prevent Hayden from filing cases in an effort to relitigate the matters decided by the Alabama state courts and to interfere with Cashion's and Western Steel Alabama's assets directly and indirectly through entities Alabama has required he dissolve. Even without the pending Motions brought by Cashion and Western Steel Alabama, the court would consider sanctioning Hayden by declaring him to be a vexatious litigant.[228]

Federal courts, including bankruptcy courts, may regulate the filings of abusive litigants by imposing "carefully tailored restrictions in appropriate circumstances." *Ringgold-Lockhart*, 761 F.3d at 1061; *Erde v. Dye (In re Erde)*, 2019 WL 6115018, at **7-8 (B.A.P. 9th Cir. Nov. 15, 2019). Any such restriction is a "serious matter" as it necessarily implicates one's access to the courts guaranteed by the Bill of Rights. *Id.* at 1061-62. The Ninth Circuit Court of Appeals

---

[227] Under the All Writs Act, 28 U.S.C. § 1651(a), "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This statute permits federal courts to enjoin abusive litigation activity. *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Though the Ninth Circuit has not specifically held whether bankruptcy courts fall within the scope of the All Writs Act, the Ninth Circuit Bankruptcy Appellate Panel has previously reached this conclusion. *See, e.g.*, *Sui v. Marshack (In re Sui)*, 2014 WL 5840246, at *6 (B.A.P. 9th Cir. Nov. 10, 2014); *Richardson v. Melcher (In re Melcher)*, 2014 WL 1410235, at *9 (B.A.P. 9th Cir. Apr. 11, 2014); *see also Lakusta v. Evans (In re Lakusta)*, 2007 WL 2255230, at *3 (N.D. Cal. Aug. 3, 2007), *aff'd*, 328 F. App'x 385 (9th Cir. June 5, 2009) ("Bankruptcy courts have the power to regulate vexatious litigation pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 1651(a).").

[228] A bankruptcy court may *sua sponte* impose pre-filing restrictions against vexatious litigants. *See, e.g., Block v. Wash. State Bar Ass'n*, 860 F. App'x 508 (9th Cir. July 2, 2021) (affirming the district court's *sua sponte* imposition of a vexatious litigant bar); *In re Miller*, 2020 WL 6749332, at *27 (Bankr. E.D. Cal. Nov. 16, 2020). Under the All Writs Act, 28 U.S.C. § 1651(a), enjoining litigants with "abusive and lengthy litigation histories" is one such restriction that courts may impose. *Ringgold-Lockhart*, 761 F.3d at 1061.

has instructed that any order restricting access to the courts should be rarely employed and

before imposing such restriction the court must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is]
> entered"; (2) compile an adequate record for appellate review, including "a listing
> of all the cases and motions that led the district court to conclude that a vexatious
> litigant order was needed"; (3) make substantive findings of frivolousness or
> harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice
> encountered."

*Id.* at 1062 (quoting *De Long*, 912 F.2d at 1147).

As to these requirements, the first two are procedural, while the second two "'are

substantive considerations… [that] help the district court define who is, in fact a 'vexatious

litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly

infringing the litigant's right to access the courts.'" *Id.* (quoting *Molski v. Evergreen Dynasty

Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007)). As to the substantive factors, courts are to consider

the following "five substantive factors" originally promulgated by the Second Circuit:

> (1) the litigant's history of litigation and in particular whether it entailed
> vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing
> the litigation, e.g., does the litigant have an objective good faith expectation of
> prevailing?; (3) whether the litigant is represented by counsel; (4) whether the
> litigant has caused needless expense to other parties or has posed an unnecessary
> burden on the courts and their personnel; and (5) whether other sanctions would
> be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)); *see

also Ringgold-Lockhart*, 761 F.3d at 1062.

**A. The Procedural Requirements.**

**1. Notice and an opportunity to oppose the order before it is entered.**

A litigant has notice and an opportunity to be heard when a motion to declare the litigant

as vexatious is filed and served on the litigant, and the litigant is given an opportunity to oppose

the motion in writing and orally during a hearing.[229] *Molski*, 500 F.3d at 1058; *see also Erde v.

Dye (In re Erde)*, 831 F. App'x 326 (9th Cir. Dec. 15, 2020) (holding that this factor was met

---

[229] Hayden has frequently suggested that the court either suggested to or openly requested that Cashion
and Western Steel Alabama file the Motions. The transcript from the March 14, 2024 scheduling hearing
reflects that the court did neither. *See* CFT ECF No. 37.

where the court set a hearing on its own motion to declare a pro se litigant vexatious and provided the litigant with an opportunity to file a written response and argue during the hearing); *Stanwyck v. Bogen, et al. (In re Stanwyck)*, 450 B.R. 181, 200-01 (Bankr. C.D. Cal. 2011).

Hayden has been given ample notice and opportunity to oppose the entry of sanctions generally, and to oppose the entry of a pre-filing order against him more specifically. The court held a scheduling conference on its pending OSCs after its prior hearing and after issuing its scheduling orders explaining why it was proceeding with the OSCs. That hearing was held on March 14, 2024. Hayden chose not to attend the scheduling conference, though notice of the hearing was served on him at his email address and at both his Las Vegas and Reno addresses.[230] At that scheduling conference, the court set a briefing schedule and required any motions from Cashion and Western Steel Alabama to be filed by April 15, 2024. The schedule afforded Hayden a considerable amount of time to respond to the pending OSC and any motions. Hayden was not required to file his opposition until June 3, 2024, nearly fifty days from the filing of the Motion and roughly 80 days from the March 14, 2024 hearing that set the deadlines. Hayden was again served with the resulting scheduling orders detailing the deadlines and setting the evidentiary hearing for July 11, 2024.[231] Cashion and Western Steel Alabama timely filed the Motions. The certificates of service attached to the Motions reflected they were served on Hayden via email.[232] The Motions were accompanied by notices of hearing which also reflected that they were served on Hayden via email.[233]

Hayden timely filed oppositions and responses to the OSCs and Motions in both cases before the court vacated the hearings in the adversary proceeding on July 3, 2024, pending the decision on the motion to recuse. He filed his opposition to the CFT Motion and requested to reschedule the hearing on that Motion.[234] He also filed a further response on June 20, 2024.[235]

---

[230] CFT ECF No. 28 at 10; Adv. ECF No. 49 at 7.
[231] CFT ECF No. 38 at 2; Adv. ECF No. 69 at 2.
[232] CFT ECF No. 43 at 27; Adv. ECF No. 81 at 27.
[233] CFT ECF No. 45 at 4; Adv. ECF No. 83 at 4.
[234] CFT ECF No. 47.
[235] CFT ECF No. 49.

That same day he filed his late opposition to the Adversary Motion.[236] Five days later, he filed another late opposition to the Adversary Motion.[237] In its order addressing Hayden's responsive pleadings filed in the Cashion Family Trust involuntary bankruptcy, the court set an additional deadline of July 10, 2024 for Hayden to file any further responses to the CFT Motion.[238]

On July 11, 2024, the day scheduled for the hearing on the CFT Motion, Hayden filed a motion to stay the proceedings pending a decision on his motion to withdraw the reference.[239] The same day, Hayden filed his response to the CFT OSC.[240]

Hayden appeared telephonically at the July 11, 2024, hearings on the CFT Motion and CFT OSC. On July 15, 2024, the court entered its scheduling order reflecting that the hearing was continued by agreement of the parties to July 29, 2024.[241] That day the court also entered its status and scheduling order in the adversary proceeding, resetting the evidentiary hearings on the Adversary Motion and the Adversary OSC for July 29, 2024, to be heard concurrently with the CFT Motion and CFT OSC.[242]

On the afternoon of Friday, July 26, 2024, Hayden filed his requests to further continue the evidentiary hearings set for the following Monday until after his appeals of the orders denying recusal were decided.[243] On July 29, 2024, the court entered its orders denying Hayden's requests to continue the evidentiary hearings.[244]

Hayden was afforded notice of the OSCs and the Motions in both the Cashion Family Trust involuntary bankruptcy and the adversary proceeding. Indeed, Hayden took the opportunity to file numerous responses and filings related to the OSCs and Motions. The court actually directed Hayden to appear at both the original hearing and the continued hearing to present his

---

[236] Adv. ECF No. 94.
[237] Adv. ECF No. 95.
[238] CFT ECF No. 54 at 10. That order was served on Hayden via email and at his Las Vegas address. *Id*. at 11.
[239] CFT ECF No. 65.
[240] CFT ECF No. 66.
[241] CFT ECF No. 77.
[242] Adv. ECF No. 116. Those orders were served on Hayden via U.S. mail to his Las Vegas address and his two addresses in Reno. CFT ECF No. 77 at 3; Adv. ECF No. 116 at 3.
[243] CFT ECF No. 87; Adv. ECF No. 138.
[244] CFT ECF No. 96; Adv. ECF No. 144. Those orders were served on Hayden via U.S. mail to his Las Vegas address and his two addresses in Reno. CFT ECF No. 96 at 2; Adv. ECF No. 144 at 2.

side of the story and explain the basis for filing the Cashion Family Trust involuntary bankruptcy and the adversary proceeding. He chose not to appear and provide testimony. He has been afforded proper notice and the opportunity to be heard.

### 2. The record of the cases and motions establishing that Hayden is a vexatious litigant.

An adequate record for review should be sufficiently developed to show, at the least, that a litigant's activities were numerous or abusive. *De Long,* 912 F.2d at 1147. This discussion should demonstrate "all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ringgold-Lockhart,* 761 F.3d at 1063 (quoting *id.*). The court has detailed Hayden's cases and filings at length in its statement of facts. Here, the court summarizes these matters to establish an adequate record to support entry of a vexatious litigant order.

Hayden's litigation history arises from his refusal to accept the final judgment and permanent injunction entered against him in *Western Steel Inc. v. Hayden*, CV-20212-000209.00 by the Hon. Robert Vance, Jr., in the Circuit Court of Jefferson County, Alabama, Birmingham Division on August 20, 2013. As detailed above, Hayden has consistently sought to collaterally attack both. Despite losing his direct appeal of the First Alabama Case to the Alabama Supreme Court, he continues his efforts to seize and control Cashion's and Western Steel Alabama's assets in violation of the final judgment. The August 20, 2013 final judgment and the Order dated February 10, 2017 in the First Alabama Case enjoin Hayden from any acts to seize or control Cashion's and Western Steel Alabama's assets.

Even before entry of the final judgment in the First Alabama Case was entered, Hayden sued Judge Vance in the United States District Court for the Middle District of Alabama for denial of due process under 42 U.S.C. § 1983 relating to the entry of the temporary restraining order and a motion by counsel to withdraw. *William B. Cashion Nevada Spendthrift Trust, et al. v. Vance, Jr.*, 2013 WL 315918 (M.D. Ala. June 18, 2013). The district court dismissed Hayden's case under Fed. R. Civ. P. 12, and the Eleventh Circuit affirmed dismissal of the case. *William B. Cashion Nevada Spendthrift Trust, et al. v. Vance, Jr*., 552 F. App'x 884 (11th Cir.

Jan. 13, 2014). Neither decision makes any reference to any improper purpose or challenges

Hayden's basis in fact or law. But this is his last case where that is so.

In 2015, Hayden again sued Judge Vance, together with his clerk of court, twelve other

judges, and the United States Department of Justice. Even at this early stage the magistrate judge

noted that: "This recent case is one of many filed by Hayden which relate to a dispute between

William Cashion and Hayden regarding Cashion's assets and a Nevada trust." *Hayden v. Vance,*

*et al.,* 2016 WL 11440137, at * 1 (M.D. Ala. Jan. 25, 2016). In dismissing Hayden's case, the

court referenced the complaint's allegations of "alleged wrongs throughout history, conspiracies,

and the improper and illegal establishment of a Commercial Litigation Docket ('CLD') in the

Birmingham Division of the Circuit Court for the Tenth Circuit of Alabama." *Id.* The court

dismissed the complaint with prejudice, explaining that any amendment was futile: "As

discussed extensively throughout this opinion, this Court cannot and will not entertain Hayden's

ongoing attempts to undo what has already been done in the Alabama state courts." *Id.* The court

later awarded attorney fees against Hayden based on his "frivolous, malicious, and

unreasonable" claims, finding that Hayden "simply will not accept the state court judgment and

keeps court shopping in the vain hope to find someone who will agree with him." *Hayden v.*

*Vance, Jr., et al.*, 2016 WL 4157362, at *3 (M.D. Ala. June 28, 2016). The Eleventh Circuit

Court of Appeals affirmed the awarding of attorney fees and expenses based on his continued

collateral attacks on the judgment and injunctions, as well as the "series of frivolous motions"

filed in the district court action. *Hayden v. Vance, Jr., et al.*, 708 F. App'x 976, 979 (11th Cir.

Sept. 7, 2017).

As predicted, in 2018 Hayden continued his collateral attacks on the final judgment in the

First Alabama Case, but he relocated those efforts to Nevada in *Hayden v. Commercial*

*Litigation Docket, et al.,* Case No. 2-18-cv-02403-RFB-DJA (D. Nev.) suing the Commercial

Litigation Docket, William Cashion and Western Steel Alabama. Documents submitted by

Hayden in opposition to the current Motions show that Hayden used that action to again

challenge the original judgment and injunction. The United States District Court for the District

of Nevada dismissed Hayden's claims without prejudice. True, the district court denied a motion

to declare Hayden a vexatious litigant. But the court never considered the merits of that motion. Rather, the court simply held that it lacked jurisdiction to hear the case, and, therefore, lacked jurisdiction to consider the vexatious litigant motion. Nonetheless, the action was another collateral attack on the final judgment in the First Alabama Case and filed in in violation of the existing Alabama injunctions.[245]

While Hayden's action in the Nevada federal district court was pending, Western Steel Alabama and Cashion commenced another case against Hayden in the Circuit Court of Jefferson County, Alabama, Birmingham Division. *Western Steel, Inc. et al. v. Hayden, et al.,* Case No. CV-2019-902733.00 addressing Hayden's failure to comply with the injunctions entered in the First Alabama Case. On June 6, 2021, the Alabama state court enjoined Hayden's use of the "impostor" corporation – Western Steel Nevada – and ordered him to dissolve that entity. The court also entered judgment against Hayden in the amount of $224,400 in accumulated daily fines for failing to comply with the prior injunctions, and attorney fees.

Meanwhile, Hayden filed his next action in the Eighth Judicial District Court for Clark County, Nevada. *Hayden v. Dickinson Wright PLLC, et al.,* Case No A-20-821496-C. On July 8, 2021, the Nevada state court declared Hayden a vexatious litigant in that action. In support of its order, the court identified five other lawsuits filed by Hayden against numerous individuals involving the "substantively identical" claims raised in the case before it against Cashion, Schwarz and others relating to the Cashion's and Western Steel Alabama's assets. The court raised its concerns based on "the volume of repetitive filings and the lacking basis for his complaints in either law or in fact." The court declared Hayden to be a vexatious litigant because "Mr. Hayden's recent claims are part of a pattern of initiating harassing litigation against various

---

[245] In the papers from the *Commerical Litigation Docket* case submitted by Hayden, there is a reference to a prior Nevada case filed by Hayden against Cashion after entry of the final judgment in the First Alabama Case. CFT ECF No. 85 at 62 ("Hayden filed a third lawsuit, this time in the Eighth Judicial District Court of Nevada (Case No. A15-72949-C)."). The filing recites that Hayden dismissed Cashion after he filed a motion to dismiss, and cites to exhibits attaching the complaint, and amended complaint and the notice of voluntary dismissal in that case. However, these exhibits from the referenced earlier Nevada case were not provided.

counsel for William B. Cashion and/or his Alabama company, Western Steel, Inc., on numerous occasions both in Alabama and Nevada – and **never once prevailed**."

On August 31, 2022, the Alabama state court entered its order in the First Alabama Case specifically denying three identified motions filed by Hayden, as well as generally denying all other motions or requests for relief filed by Hayden. The court further found that "Defendant Hayden is a vexatious litigant whose frivolous filings and 'motions' clog the judicial machinery and threaten the availability of a well-functioning judiciary to all litigants. Multiple Judges in this case have spent countless hours reviewing his pleadings, conducting hearings, and drafting orders on his baseless 'motions.'" Based on this finding, the court permanently enjoined Hayden from filing any document in the case without prior leave of the court.

Based on Hayden's continuing failure to comply with the judgment and injunctions in the First and Second Alabama Cases, the Alabama state court entered its final order in the Second Alabama Case on April 17, 2023. The final order detailed another injunction against Hayden, enjoining additional specific actions relating to Cashion and Western Steel Alabama. The court also held Hayden in criminal contempt and directed that he be remanded to the Jefferson County sheriff. It entered judgment against Hayden in excess of $1,000,000 for fines related to his contempt, increased the daily fines to $300, and awarded Western Steel Alabama $757,610.96 in attorney fees.

Several months after entry of the April 17, 2023 final order in the Second Alabama Case, Hayden filed his personal chapter 13 bankruptcy in Nevada to stop the impending sheriff's sale of real property in Alabama. Two weeks later, after invoking the automatic stay, Hayden moved to dismiss the bankruptcy without undertaking any meaningful effort to proceed, such as filing schedules and the statement of financial affairs. The court dismissed the bankruptcy and later awarded attorney fees to Cashion and Western Steel Alabama finding Hayden's bankruptcy to have been frivolous, filed in bad faith and for an improper purpose.

Hayden, acting as a creditor, then placed Western Steel Nevada into an involuntary bankruptcy, yet failed to properly serve the summons. Instead, he obtained a consent to the bankruptcy on behalf of the debtor only to later agree to its dismissal. Again, Hayden never

proceeded to take any steps on behalf of Western Steel Nevada to proceed in bankruptcy. He did, however, affirmatively represent that Western Steel Nevada was a separate and distinct corporation apart from Western Steel Alabama. Yet, he continued to raise the very same issues surrounding the corporation's federal employer identification number and the responsible party for "Western Steel," which have been the subject of litigation in the Second Alabama Case. In short, while representing to the court that the debtor Western Steel Nevada was different than Western Steel Alabama, Hayden sought to continue his efforts to seize control of the Alabama corporation and its assets in violation of the permanent injunctions.

Hayden then filed the involuntary bankruptcy against the Cashion Family Trust and the adversary against Cashion and Western Steel Alabama in Western Steel Nevada's bankruptcy, which had been converted to chapter 7. As previously discussed, the court entered show cause orders in both cases concerning service of process and questioning whether these cases were merely a continuation of his collateral attacks on Alabama's judgment and injunctions. Once again, Hayden chose to dismiss these actions but not until he filed his documents attempting to conflate the two corporations and assert his interests in Western Steel Alabama.

In sum, the Alabama federal district court and the Eleventh Circuit surmised early on that Hayden would not accept the original final judgment and injunction entered in the First Alabama Case. He has since then filed frivolous cases in Nevada and frivolous pleadings in the Alabama state court attempting to confuse ownership and control of Western Steel Alabama and to collaterally attack the final judgment and injunctions entered against him. Despite entry of millions in fines for contempt and attorney fees, incarceration for criminal contempt, and two orders declaring him to be a vexatious litigant, Hayden evolved his collateral attacks by initiating four bankruptcy matters for the same purpose. As noted by the Nevada state court in its order declaring Hayden a vexatious litigant, he did so in an attempt "to confuse this Court as to his relationship with the actual Western Steel, Inc., headquartered in Alabama."

### B.  The Substantive Requirements.

#### 1.  Substantive findings of frivolousness or harassment.

A court must look at both "the number and content of the filings" as indicia of the frivolousness of the litigant's claims. *Molski*, 500 F.3d at 1059. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* There is no established numerical definition for frivolousness, but even if a litigant's petition is frivolous, the court must make a finding that the number of complaints is "inordinate." *Ringgold-Lockhart*, 761 F.3d at 1064.

As an alternative to frivolousness, a court may make a finding that the litigant's filings show a "pattern of harassment." *Id.*; *De Long*, 912 F.2d at 1148. Courts must be careful not to conclude that particular types of pleadings filed repetitiously are harassing and must instead discern whether the filing of several similar types of pleadings constitutes an "intent to harass the defendant or the court." *Id.* at 1064; *Tangwall v. Compton*, 2020 WL 2527930, at **2-5 (D. Alaska May 18, 2020). The court applies the five factors established by the Second Circuit in *Safir* to analyze the frivolousness or harassment of Hayden's bankruptcy filings.

#### a.  The litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits.

This factor supports a finding of frivolousness or harassment where a litigant has engaged in repetitive litigation over a long period across multiple courts. *See Safir*, 792 F.2d at 24 (determining this factor was satisfied where the litigant had sought redress for 20 years in federal courts, repeatedly asserted the same claims in slightly altered guises, and used the courts to block and hinder the defendants' business transactions); *Ringgold-Lockhart*, 761 F.3d at 1066 ("[A] pattern of frivolous or abusive litigation in different jurisdictions undeterred by adverse judgments may inform a court's decision that an injunction is necessary."); *Stanwyck*, 450 B.R. at 203-05 (holding that this factor was met where a litigant's complaint, like past complaints, was nearly devoid of comprehensible facts; there were a large number of defendants in each action; many of the defendants were inappropriate to the actions; and the claims asserted were duplicative); *Adams v. Boulware*, 2024 WL 1907718, at *3 (D. Nev. Apr. 30, 2024) (declaring

plaintiff a vexatious litigant where his litigation history was "extensive—and frivolous—occurring in federal, state, and appellate courts.").

The court has detailed Hayden's use of litigation to evade and collaterally attack the final judgment and injunctions entered by the Alabama state court. It has also explained why Hayden's frivolous and abusive conduct independently warrants sanctions under both Rule 9011 and its inherent authority. His continued attempts to assert ownership over Cashion's assets, including ownership of Western Steel Alabama, rest at the core of each case. As early as 2016 and 2017, the Alabama federal courts and the Eleventh Circuit explained to him that he cannot collaterally attack the final judgment and found his litigation and filings to be frivolous. Nonetheless, he has continued his efforts in Alabama and Nevada to evade the final judgment and injunctions, using corporations and trusts that he has been ordered to dissolve and cease any activities with. And despite entry of two prior orders declaring him to be a vexatious litigant, he filed the Cashion Family Trust involuntary bankruptcy and the adversary proceeding in violation of several injunctions only to raise the same facts and arguments rejected by every other court to consider them.

Hayden has an extensive history of frivolous litigation in both the state and federal courts, which he has now extended to the bankruptcy courts. The purpose of each of these cases has been to confuse the court in the hope of impermissibly collaterally attacking a prior final judgment while violating several injunctions. He has been told by the Alabama courts that such actions, including the filing of the Western Steel Nevada bankruptcy, violate the injunctions. It is inescapable that Hayden continues to commence these cases, and makes these arguments, for improper purposes and to harass Cashion, Western Steel Alabama, and those that represent them. In the four bankruptcy cases he has filed, Hayden has taken byzantine paths to place entities that he controls, in violation of multiple injunctions, into bankruptcy only file his statements of alleged direct or indirect ownership of Western Steel Alabama. Again, the court can only conclude that these repeated filings, and the actions taken therein, were undertaken to harass Cashion, Western Steel Alabama, and those that represent them.

**b. The litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?**

A litigant lacks an objective good faith expectation of prevailing in litigation where most of the litigant's claims are repetitive claims that have been previously rejected. *See Safir*, 792 F.2d at 24 (indicating, in finding that this factor was met, that most of the litigant's repetitive claims were resoundingly rejected by the courts); *Stanwyck*, 450 B.R. at 205 (finding this fact satisfied where plaintiff's complaints failed to "disclose any pertinent facts that would form the basis of a cognizable claim" and "[t]he number of complaints, coupled with the false and exaggerated allegations of injury contained in each complaint, support a finding that [the plaintiff's] lawsuits are vexatious and pursued for the overriding purpose of harassment."); *In re Yan*, 2013 WL 6801085, at *7 (Bankr. N.D. Cal. Dec. 23, 2013), *aff'd sub nom. Yan v. Fu*, 2014 WL 4949528 (N.D. Cal. Sept. 30, 2014), *aff'd sub nom. In re Yan*, 649 F. App'x 359 (9th Cir. Apr. 29, 2016) (harassment is sole motivation where the plaintiff exhibited a "consistent and repeated behavior of asserting claims upon which relief could not be granted.").

Again, the Nevada state court has accurately observed in its own vexatious litigant order entered against Hayden, "Mr. Hayden's recent claims are part of a pattern of initiating harassing litigation against various counsel for William B. Cashion and/or his Alabama company, Western Steel, Inc., on numerous occasions both in Alabama and Nevada – ***and never once prevailed***."[246] Certain motions brought by Cashion and Western Steel Alabama have been denied during the lengthy history between these parties – such as the motion to dismiss the Western Steel Nevada involuntary bankruptcy case, and their request for a nationwide bar to refiling sought in Hayden's personal bankruptcy case. The court nonetheless converted Western Steel Nevada's bankruptcy and removed Hayden from control of that entity while in chapter 7. Yet, he still filed his adversary proceeding in an attempt to improperly assert control over the chapter 7 while still in bankruptcy. Similarly, the court expressed reservations about issuing a nationwide ban against Hayden in its first interaction with the parties – but still awarded sanctions against Hayden in his individual bankruptcy because the filing was frivolous and an abuse of process as it was filed in

---

[246] CFT ECF No. 44-5 at 6.

bad faith. In light of the multiple injunctions and prior adverse decisions addressing the same facts and claims, Hayden did not have any *objective* good faith expectation of success in filing the Cashion Family Trust involuntary bankruptcy and the adversary proceeding.[247]

### c. Whether the litigant is represented by counsel.

Although this factor focuses on whether a litigant has counsel, courts have held pro se litigants to be vexatious and subject to a pre-filing review requirement despite the fact that they were not represented by counsel. *Stanwyck*, 450 B.R. at 205 (in imposing a pre-filing injunction on a pro se litigant, the court observed, "a court must not tolerate an abuse of the judicial process so flagrant that it permits one individual to preempt the use of judicial resources that might otherwise be devoted to adjudicating the meritorious claims of other litigants."); *Pittman v. Cedars Sinai Med. Ctr.*, 2018 WL 10517172, at *5 (C.D. Cal. June 27, 2018) (noting that a litigant's pro se status was a mitigating factor in the analysis, but nonetheless concluding that the litigant was vexatious). In fact, the Ninth Circuit has stated that the vexatious litigant doctrine was never "intended to control attorney conduct." *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th Cir. 1999).

Hayden is proceeding *in pro per* in the proceedings before the undersigned. As supported by the case law cited above, this is not a bar to finding that Hayden's repetitive and harassing litigation warrants imposition of a pre-filing bar. The court has liberally construed Hayden's pleadings filed as a *pro se* litigant and debtor. *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (B.A.P. 9th Cir. 1995). No benefit of the doubt can offset Hayden's bad faith in his ongoing pursuit of Cashion and Western Steel Alabama.

### d. Whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel.

This factor is met where there have been several past rulings against a litigant, including on appeal, so that any subsequent expense or burden incurred by parties opposing the same

---

[247] Hayden again asserts that he prevailed in the United States District Court for the District of Nevada action though the court dismissed his claims relating to Cashion and Western Steel Alabama for lack of jurisdiction. CFT ECF No. 85 at 76-79. Again, this argument is frivolous as the court declined to consider the vexatious litigant motion because it lacked jurisdiction. More importantly, the subject of that action establishes that it still violated the Alabama injunctions as it related to Hayden's efforts to obtain Cashion's and Western Steel Alabama's assets and attack the Alabama final judgment.

claims are onerous and unnecessary. *See Koshkalda*, 622 B.R. at 767 (although debtor had filed only one bankruptcy case, he had initiated numerous disputes and an adversary proceeding based on his "unreasonable and baseless positions," establishing a "pattern of filing frivolous and harassing matters [which] was depleting the bankruptcy estate to the detriment of his creditors."); *see also Bertran*, 2018 WL 1704306 at *6 (affirming a bankruptcy court's entry of a vexatious litigant order where the litigant filed numerous, duplicative, and meritless documents requiring the trustee and his counsel to respond); *In re Spirtos*, 2011 WL 3298952, at *14 (B.A.P. 9th Cir. Feb. 2, 2011) (affirming entry of a vexatious litigant order where the bankruptcy court noted that the litigant "had caused needless expense to the [p]arties by repeatedly making claims and arguments previously rejected by the court"); *Stanwyck*, 450 B.R. at 205-06; *Yan*, 2013 WL 6801085 at *8.

Hayden's claims against Cashion and his assets, including Western Steel Alabama, have been adjudicated as meritless. Nevertheless, the litigation arising from those claims has lasted more than decade and has spread across states and numerous courts. Cashion and Western Steel Alabama, by their own account, have spent hundreds of thousands of dollars in legal fees defending against the meritless claims and seeking sanctions in an effort to halt Hayden's dogged pursuit. The amount of these fees is easily confirmed by the reported awards of attorney fees entered by the Alabama state and federal courts. This court has more recently similarly awarded attorney fees against Hayden in his individual bankruptcy case. As noted by the Nevada state court in its order declaring Hayden a vexatious litigant, "Mr. Hayden has repeatedly engaged in a vexatious pattern of filing lawsuits in various jurisdictions lawsuits based on or including the same claims he has previously filed (and then voluntarily dismissed) and then voluntarily noticing their dismissal when faced with a dispositive motion. By this pattern, Mr. Hayden willfully continues to drive up litigation costs for Mr. Cashion and others."[248] Hayden has repeated this pattern with his individual bankruptcy filing, the Cashion Family Trust involuntary bankruptcy, and the adversary proceeding.

---

[248] CFT ECF No. 44-5 at 8.

Hayden's repeated refusal to comply with the numerous sanctions orders has compelled the Alabama courts to remand him into custody, adding an additional burden to the incarceration system as well. At least two courts have imposed pre-filing restrictions against Hayden, requiring judges to spend additional time reviewing Hayden's submissions before they can be docketed. The Alabama state court aptly noted that Hayden's "frivolous filings and 'motions' clog the judicial machinery and threaten the availability of a well-functioning judiciary to all litigants."[249] The court could not agree more.

There is no disputing that Hayden has imposed needless and extensive expense on other parties, and imposed undue burdens on the courts and their staff.

### e. Whether other sanctions would be adequate to protect the courts and other parties.

Prior to entering a restrictive pre-filing order, a court must assess "whether imposing sanctions such as costs or fees on the [litigant] would have been an adequate deterrent." *Ringgold-Lockhart*, 761 F.3d at 1065 (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). Where a litigant continues to "bring meritless claims…against a variety of defendants despite the fact that the claims have already been dismissed as meritless or inappropriate in other forums," lesser sanctions than a restrictive pre-filing order would be inadequate. *Pittman*, 2018 WL 10517172 at *6; *see also Stanwyck*, 450 B.R. at 206; *Safir*, 792 F.2d at 25. Such is the case here. Hayden has thoroughly "demonstrated the limited effect sanctions have on [his] litigiousness." *Ringgold-Lockhart v. Cnty of Los Angeles*, 2014 WL 12564100, at *4 (C.D. Cal. Dec. 17, 2014), *aff'd*, 645 F. App'x 562 (9th Cir. Mar. 23, 2016).

Again, the court has previously detailed the significant sanctions and fines entered against Hayden, as well as the orders for incarceration for criminal contempt and the prior prefiling orders entered by the Alabama and Nevada state courts. Even as early as 2013, the Jefferson County Circuit Court was prescient in observing that Hayden has "demonstrated that

---

[249] CFT ECF No. 44-8 at 4.

little will stop [him] from attempting to acquire control of Cashion's assets or harassing [Cashion]."[250] This statement remains true.

The court acknowledges that the only lesser sanction imposed in *this* forum against Hayden is the monetary award to Cashion and Western Steel Alabama for Hayden's bad faith filing of his individual bankruptcy case. In *Koshkalda*, the Ninth Circuit Bankruptcy Appellate Panel observed that case ending sanctions available in civil litigation are not available in bankruptcy, with the "closest analog" being dismissal of the bankruptcy for cause. *Koshkalda*, 622 B.R. at 767. Yet, Hayden's continued practice of filing cases only to dismiss them shortly thereafter effectively eliminates that alternative sanction or even nondischargeability, another oft-cited bankruptcy remedy. But continued liability does not address Hayden's continued use of the bankruptcy court to pursue his frivolous attempts to obtain Cashion's and Western Steel Nevada's assets, or effectively address the time and expenses Hayden's filings impose as part of his improper purpose in filing such actions. In this regard, Hayden is similar to the debtor in *Koshkalda*, who was facing a multi-million dollar judgment, such that additional monetary sanctions were "likely to have little or no effect in regulating [the] debtor's litigation conduct." *Id.* Under these unique circumstances, the court concludes that no lesser sanctions would be successful in deterring Hayden from pursuing further litigation against Cashion and Western Steel Alabama in this forum.

**2. Narrow Tailoring.**

A pre-filing restrictive order must be narrowly tailored "'to prevent infringement on the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (quoting *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). An order restricting filing also "must fit the plaintiff's specific practices." *In re Recinos*, 2023 WL 9061008, at *10 (W.D. Wash. Dec. 19, 2023), *aff'd*, 2024 WL 5261884 (9th Cir. Mar. 4, 2024). More specifically, "merits reviews should not be part of any narrowly-tailored pre-filing procedures imposed." *Koshkalda*, 622 B.R. at 769 (citing *Ringgold-Lockhart*, 761 F.3d at 1066).

---

[250] CFT ECF No. 44-1 at 53.

Hayden's numerous filings, petitions and complaints have consistently run afoul of the injunctions entered against him beginning in 2013. Yet neither the repeated failures of his claims nor the substantial sanctions imposed against him appear to have dampened his dogged determination to pursue assets to which he has no legitimate claim.

Accordingly, the court will enter an order restricting Hayden's access to the United States Bankruptcy Court for the District of Nevada. Any pleading Hayden seeks to file with that court will be subject to a pre-filing judicial review to assess whether the relief sought further violates the final judgment, orders, and injunctions entered against Hayden by the Alabama state courts in the First and Second Alabama Cases discussed in this case and provided at CFT ECF No. 44. Such restrictions shall apply to the existing bankruptcy matters as Hayden has demonstrated a willingness to file additional documents challenging or violating the Alabama injunctions even after the dismissal of the bankruptcy case or adversary proceeding. The restriction shall apply further to any additional new bankruptcy case or adversary proceeding that Hayden may seek to commence to ensure that he has not been enjoined from representing any proposed debtor or entity by the Alabama state court.

This judicial review will extend to both pleadings filed in existing cases as well as new bankruptcy petitions, whether voluntary or involuntary, but will not extend to notices of appeal filed in existing proceedings. For example, the court will reject any bankruptcy petition Hayden submits on behalf of one of the numerous entities he has been directed to dissolve by the Alabama state court, including but not limited to: the Cashion Family Trust; Western Steel, regardless of the state in which it is registered or organized; the William B. Cashion Family Nevada Spendthrift Trust; and the Cashion Family Nevada Spendthrift Trust.

## Conclusion

Little has stopped, or slowed, Steven Mark Hayden, Sr.'s litigious crusade against his uncle, William Cashion, and his business, Western Steel, Inc., an Alabama corporation. Hayden continues to refuse to acknowledge the final judgment and permanent injunction imposed against him in Alabama in 2013, notwithstanding mounting monetary sanctions exceeding one million dollars, or orders remanding him into custody and imposing pre-filing restrictions. The court can

only stem the tide of litigation in this forum. It will do so by entering a pre-filing order against Hayden, requiring him to submit to the court for judicial review any pleading he seeks to file in the United States Bankruptcy Court for the District of Nevada, including personal, corporate, voluntary or involuntary bankruptcy petitions. That judicial review will determine whether the pleadings he submits comply with the prior injunctions, judgments and orders entered by the state and federal courts, with the goal of eliminating further duplicative or frivolous proceedings.

The court will also enter an order discharging its OSCs, those show cause orders having been subsumed by the relief sought in the Motions.

The court will not impose any pre-filing relief against Hayden's wife, Angela Hayden, or his son, Steven Mark Hayden, Jr. That relief requested by Cashion and Western Steel Alabama exceeds the court's jurisdiction, as neither Ms. Hayden nor Hayden, Jr. have appeared before the court, and the pre-filing order must be narrowly tailored to address the vexatious litigation that has actually occurred.

* * * * *

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

Copy sent via BNC to:
STEVEN MARK HAYDEN
200 SOUTH VIRGINIA, SUITE 858
RENO, NV 89501

STEVEN MARK HAYDEN
8465 WEST SAHARA AVENUE, SUITE 111-684
LAS VEGAS, NV 89117

# # #